227 So.2d 913

**STATE of Louisiana**

v.

**William J. BENSON.**

No. 49877.

Nov. 10, 1969.

Craig J. Cimo, Metairie, for relator.

Jack P. F. Gremillion, Atty. Gen., William P. Schuler, Asst. Atty. Gen., Frank H. Langridge, Dist. Atty., James M. Lockhart, Asst. Dist. Atty., for appellee.

FOURNET, Chief Justice.

We granted a writ of certiorari, 254 La. 275, 223 So.2d 406, in this case on the application of the defendant, William Joseph Benson, Jr., in order that we might review the ruling of the trial judge denying his plea of prescription on the ground that more than one year had elapsed since the date of the filing of the bill of information charging him in two counts, first with letting a disorderly place and second with gambling, both misdemeanors in violation of L.R.S. 14:105 [1] and L.R.S. 14:90 [2] respectively.

1. "Letting a disorderly place 'is the granting of the right to use any premises knowing that they are to be used as a disorderly place, or allowing the continued use of the premises with such knowledge.
"Whoever commits the crime of letting a disorderly place shall be fined not more than two hundred dollars, or imprisoned for not more than ninety days, or both."

2. "Gambling is the intentional conducting, or directly assisting in the conducting, as a business, of any game, contest, lottery, or contrivance whereby a person

Under the express provisions of Article 578 of the Code of Criminal Procedure, "Except as otherwise provided in this Chapter, no trial shall be commenced: * * * (3) In misdemeanor cases after one year from the date of institution of the prosecution. * * *."

According to the record it appears the bill of information against the accused was filed on May 18, 1967. In overruling the defendant's plea of prescription filed April 17, 1969 the court relied upon Article 580 of the Code of Criminal Procedure [3] dealing with "Suspension of Time Limitation." An examination of the minute entries fails to disclose any motions made by or in behalf of the defendant in this case except motions to quash and motions for continuance, each of which occurred more than a year after the filing of the bill of information. However, in a return filed by the trial judge to the application here he points out that on the same date that the information was returned against the defendant which charged him in count one with letting a portion of certain premises for a disorderly place, in count two with gambling there, one Iachino was charged with conducting gambling in the same premises on the same date, and because "the District Attorney and the attorney, * * *, representing both defendants wanted to first try the charges pending against Alfonso F. Iachino," counsel constantly secured continuances on his behalf; and he stated it was his "feeling that these continuances were improperly obtained on behalf of Alfonso F. Iachino, through his attorney, in order to delay the trial of William J. Benson." The judge further observed if he had been aware of the effect of this pattern that all motions for continuances would have been denied.

The State, relying upon the provisions of Article 579 of the Code of Criminal Procedure,[4] contends that these "manipulations" by defense counsel interrupted prescription.

(1) The defendant at any time, with the purpose to avoid detection, apprehension, or prosecution, flees from the state, is outside the state, or is absent from his usual place of abode within the state; or

(2) The defendant cannot be tried because of insanity or because his presence for trial cannot be obtained by legal process, or for any other cause beyond the control of the state.

The period of limitation established by Article 578 shall commence to run anew from the date the cause of interruption no longer exists."

risks the loss of anything of value in order to realize a profit.

"Whoever commits the crime of gambling shall be fined not more than five hundred dollars, or imprisoned for not more than one year, or both."

3. "When a defendant files a motion to quash or other preliminary plea, the running of the periods of limitation established by Article 578 shall be suspended until the ruling of the court thereon; but in no case shall the state have less than one year after the ruling to commence the trial."

4. "The period of limitation established by Article 578 shall be interrupted if:

Our study of the pertinent codal provisions discloses that prior to the enactment of Act 310 of 1966 wherein the Legislature adopted the present Code of Criminal Procedure, the same becoming effective January 1, 1967, L.R.S. 15:8 in setting forth the statutory limitations for prosecution provided, "Nothing in this article shall apply or extend to an accused person who has absconded, or who is a fugitive from justice or who has escaped trial through dilatory pleas, or continuances obtained by him or in his behalf." However, under the provisions presently governing, (Article 579, Code of Criminal Procedure), as reported in footnote 4, the Legislature omitted the provisions that prescription would be interrupted "through dilatory pleas, or continuances obtained by him or in his behalf," and provided instead that prescription "shall be *interrupted* * * * for any other cause beyond the control of the state." This is further clarified by the provisions of Article 580, as reported in footnote 3, wherein it is provided that "a motion to quash or other preliminary plea" shall *suspend* the running of the period of limitation until the ruling of the court thereon. (Emphasis added.)

As previously pointed out the preliminary motions filed on behalf of the defendant were filed after the prescriptive period had already run and clearly the so called "manipulations" by the defense attorney were confected with the consent of the State's attorney, i. e., the case of Benson would be deferred until the case against Iachino was tried, and, therefore, cannot be said to be "beyond the control of the State."

The State is barred from further prosecution of the case, having failed to do so within one year. Whether or not the court and the State were taken advantage of is not an issue in this case and of which we express no opinion.

For the reasons assigned the ruling of the trial judge is reversed and,

It is now ordered, adjudged and decreed that the plea of prescription be sustained and the case against the defendant is ordered dismissed.