For the reasons assigned, conviction and sentence are affirmed.

267 So.2d 198

STATE of Louisiana

v.

Frank HUDSON.

No. 52556.

Oct. 4, 1972.

Sanders Cazedessus, Baton Rouge, for defendant-appellant.

William J. Guste, Jr., Atty. Gen., Harry H. Howard, Asst. Atty. Gen., Sargent

Pitcher, Jr., Dist. Atty., J. David McNeill, III, Asst. Dist. Atty., for plaintiff-appellee.

PER CURIAM.

The trial court sustained defense counsel's motion to quash a Bill of Information on the ground that further prosecution was prescribed. The State appeals.

The defendant is charged with simple burglary, La.R.S. 14:62, a non-capital burglary. In such cases, La.C.Cr.P. Art. 578 (2) provides that, unless the time limitation is interrupted or suspended, no trial shall be commenced "after two years from the date of institution of the prosecution."

The State relies upon the provision of La.C.Cr.P. Art. 579 that:

"The period of limitation established by Article 578 shall be interrupted if: * * *

"(2) The defendant cannot be tried because of insanity or because his presence for trial cannot be obtained by legal process, or *for any other cause beyond the control of the state.*

"The periods of limitation established by Article 578 shall commence to run anew from the date the cause of inter-

1. The notations on the bill show, however, that on May 5, 1970 (i. e., prior to the June 5 motion) the fixing on June 12, 1970 had been cancelled on motion of the assistant district attorney, subject to later re-assignment.

ruption no longer exists." (Emphasis ours.)

The State contends that a motion for continuance by the defense counsel in which the State concurred interrupted prescription.

The facts of this case are as follows:

The Bill of Information against the accused was filed on September 11, 1969. Nothing was ever filed on behalf of the defendant until a motion for continuance was filed on June 5, 1970, which had a notice attached, "I agree to a continuance in the above matter", signed by an Assistant District Attorney.

The continuance was granted by the Court, apparently (the record is not clear) on June 12, 1970 [1] when the notation shows that the case was passed and re-assigned for trial on September 23, 1970.[2] Subsequently, the defendant's case was assigned for trial on May 29, 1972.

On this date defendant, filed a motion to quash further prosecution because more than two years had elapsed since the date of filing the Bill of Information. In sustaining this motion, the trial court relied upon the circumstance that the State had agreed to the continuance and that there-

2. This assignment was cancelled on July 22, 1970. The case subsequently was set March 15, 1972 on motion of the State for trial on May 29, 1972.

fore the State's inability to try the defendant did not result from "cause beyond the control of the state", La.C.Cr.P. Art. 579(2).

The trial court ruled correctly. See State v. Benson, 254 La. 867, 227 So.2d 913 (1969).

For the reasons assigned we affirm the judgment of the trial court sustaining defendant's motion.

Affirmed.