292 So.2d 187 (1974)
STATE of Louisiana
v.
Lawrence HARTON, Jr.
No. 54137.
Supreme Court of Louisiana.
March 25, 1974.
Robert I. Broussard, Gretna, for defendant-respondent.
*188 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John M. Mamoulides, Dist. Atty., Abbott J. Reeves, Sp. Asst. Dist. Atty., for plaintiff-applicant.
Craig J. Cimo, Gretna, for Hon. John L. Molaison, Judge.
SANDERS, Chief Justice.
On application of the State, we granted a writ of certiorari, La., 284 So.2d 776, to review the ruling of the trial judge sustaining defendant's plea of prescription on the ground that more than one year had elapsed since the date of the filing of the bill of information charging him with receiving stolen property.
According to the record, the District Attorney of Jefferson Parish charged the defendant by a bill of information on April 28, 1972, in the Second Parish Court, Parish of Jefferson. After institution of the prosecution, several continuances were applied for and granted by the trial court. On September 12, 1973, on a defense motion to quash, the trial court determined that prescription had run on the charge and quashed the bill of information. The State then applied to this Court for writs.
Louisiana Code of Criminal Procedure Article 578 provides that in misdemeanor cases "no trial shall be commenced. . . after one year from the date of institution of the prosecution." The prosecution in this case was instituted by the filing of the bill of information, and more than one year elapsed between April 28, 1972 and September 12, 1973. However, Louisiana Code of Criminal Procedure Article 580 provides for the suspension of prescription in some instances;
"When a defendant files a motion to quash or other preliminary plea, the running of the periods of limitation established by Article 578 shall be suspended until the ruling of the court thereon; but in no case shall the state have less than one year after the ruling to commence the trial."
After initial continuances, the case was assigned for trial on February 15, 1973. On January 29, 1973, the defendant filed a motion for a continuance. Two days later, the Court granted the motion and continued the case to April 11, 1973. The motion for continuance is a preliminary plea under Article 580 of the Louisiana Code of Criminal Procedure. See State v. Elfert, 247 La. 1047, 175 So.2d 826. The Article provides that in no case shall the state have less than one year after the ruling to commence the trial. In the present case, defendant filed his motion to quash within one year from the granting of the continuance. Hence, the trial judge erred in sustaining the plea of prescription and dismissing the prosecution.
The defendant cites several decisions to support his plea of prescription, including State v. Carr, La., 271 So.2d 871; State v. Hudson, 263 La. 72, 267 So.2d 198; State v. Benson, 254 La. 867, 227 So.2d 913; State v. Martin, 250 La. 705, 198 So.2d 897; and State v. Theard, 212 La. 1022, 34 So.2d 248. We have examined them and find them to be distinguishable from the present case.
For the reasons assigned, the judgment of the Second Parish Court, Parish of Jefferson, is reversed, the motion to quash is overruled, and the case is remanded to the trial court for further proceedings according to law and consistent with the views herein expressed.
BARHAM, J., concurs.