306 So.2d 698 (1975)
STATE of Louisiana, Appellant,
v.
Linnen CRANMER, Appellee.
No. 55330.
Supreme Court of Louisiana.
January 20, 1975.
*699 Alex W. Wall, Dodd, Hirsch, Barker, Avant & Wall, Baton Rouge, for appellee.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie Brown, Dist. Atty., Ralph L. Roy, Asst. Dist. Atty., for appellant.
TATE, Justice.
Upon the defendant's motion to quash, the indictment was dismissed because not timely tried. La.C.Cr.P. art. 581. The State appeals.
The issue is whether this felony case was tried within two years from the date of institution of the prosecution, as required by La.C.Cr.P. art. 578(2). The State contends that the time was interrupted by a continuance which prevented a timely trial.
The relevant facts are these:
The prosecution for attempted murder was instituted by bill of information filed on March 27, 1971. On April 20, 1972, on motion of the defendant, the trial judge granted a continuance of the May 2 trial date, subject to reassignment by the district attorney at a later date. On May 2, on the district attorney's motion the case was reassigned for trial on September 28, 1972.
On May 31, 1974 (after trial reassignments neither party regards as material to the decision of this issue), the defendant moved to quash the indictment, since not tried within two years. Even conceding that his motion for a continuance was an "interruption" of prescription on April 20, 1972 (thus giving the prosecution a further two years), the defendant contends that this cause of the interruption was terminated, at the latest, when on May 2, 1972 the court re-fixed the case for trial on the motion of the State. The trial court sustained this argument and dismissed the prosecution.
The State, however, contends that, since on that date the case was reassigned for a September 28, 1972 trial, the cause of the interruption was not removed until such later date; therefore, the State had until September 28, 1974 to try the case.
Under our former code of criminal procedure, a "dilatory" plea by a defendant interrupted prescription. La.R.S. 15:8 (1950); State v. Martin, 250 La. 705, 198 So.2d 897 (1967) (applying pre-1960 law); Comment, 15 La.L.Rev. 192, 196-97 (1954). *700 However, incorporating the scheme of Act 25 of 1960, the Louisiana Code of Criminal Procedure of 1966 now classifies a motion for continuance or any other preliminary plea as causing a mere suspension of prescription until ruled upon. Article 580; State v. Benson, 254 La. 867, 227 So.2d 913 (1969). See also: State v. Harton, 292 So.2d 187 (La.1974); Bennett, 21 La.L. Rev. 69-72 (1960) and 27 La.L.Rev. 204 (1967).
As contrasted with causes which interrupt the time-limitations for speedy trial of prosecutions by making it impossible for the State to try the defendant (Article 579[1]), Article 580[2] of this new Code provides that the defendant's filing of a motion to quash or other preliminary plea suspends the running of the time-limitation until the court rules upon it. The deliberate attempt of this new classification was to clearly set forth objective criteria for each time period and to end the prior confusion resulting from overlapping concepts of the prior law. See Bennett, cited above, and Official Revision Comment (b) of Article 580.
Thus, with regard to the defendant's motion for continuance filed on April 14 and granted on April 20, 1972, the new Article 580 unambiguously provides that the (two-year) time-limitation was suspended during the six-day delay from date of filing to the date of ruling.
The prosecution had been instituted on March 27, 1971, so some eleven and one-half months remained for the State to try the case when the motion for continuance was filed by the defendant on April 14. This period was suspended during the delay for the court to rule upon it, which ended with the ruling on April 20th. However, after the court ruled on the motion, the state nevertheless had a minimum period of one year additional to try the case, as provided by the final clause of Article 580 (see Footnote 2); this being longer than the eleven and one-half months ordinarily remaining when the suspension ended.
Such year expired on April 20, 1973, because there was no further interruption or suspension prior to that time. The three continuances and reassignments before that date (including one before the defendant's 1972 motion) had all been secured on motion of the State, as were the three afterwards, culminating with a re-assignment on March 21, 1974 for trial on May 14, 1974.[3]
The motion to quash, filed before trial, was timely and was properly granted. Article 581.
The State contends that the granting of the defendant's motion for continuance on April 20 interrupted prescription until the new trial date of September 28, 1972, secured by the State. This contention is untenable.
In the first place, Article 580 unambiguously provides for the effect of a *701 preliminary motion by the defendantthat it suspends the time-limitation from date of filing to date of ruling. The provision of a minimum one-year additional period to try the defendant, after the ruling, is to permit the State ample additional time, if such a motion is filed near the end of the time-limitation period. See Official Revision Comment (a), Article 580.
In the second place, the record does not show that, by the continuance of May 2, the State was prevented from trying the defendant between April 20 and September 28. In fact, the continuance of April 20 was granted "subject to reassignment by the District Attorney at a later date", and, so far as the record shows, the prosecutor could have secured almost any other earlier date. (The sole reason the defendant requested a continuance from the May 2nd date was based upon a conflicting trial date of his counsel.)
We affirm the trial court's dismissal of this prosecution as no longer timely.
Affirmed.
NOTES
[1] Article 579 provides:

"The period of limitation established by Article 578 shall he interrupted if:
"(1) The defendant at any time, with the purpose to avoid detection, apprehension, or prosecution, flees from the state, is outside the state, or is absent from his usual place of abode within the state; or
"(2) The defendant cannot be tried because of insanity or because his presence for trial cannot be obtained by legal process, or for any other cause beyond the control of the state.
"The periods of limitation established by Article 578 shall commence to run anew from the date the cause of interruption no longer exists."
[2] Article 580 provides:

"When a defendant files a motion to quash or other preliminary plea, the running of the periods of limitation established by Article 578 shall be suspended until the ruling of the court thereon; but in no case shall the state have less than one year after the ruling to commence the trial."
[3] The accused failed to appear when the trial was called for that date. Since the two-year period had elapsed long prior to that time, we are not called upon to decide what the effect of this non-appearance might otherwise have been.