362 So.2d 555 (1978)
STATE of Louisiana
v.
Jacob A. FABACHER.
No. 61692.
Supreme Court of Louisiana.
September 5, 1978.
*556 Robert J. Zibilich, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise S. Korns, Asst. Dist. Atty., for plaintiff-appellee.
MARCUS, Justice.
Jacob A. Fabacher was charged in the same information with two separate counts of forgery in violation of La.R.S. 14:72. Defendant waived trial by jury and elected to be tried by the court. After a bench trial, defendant was found guilty as charged on both counts and was sentenced to serve three years at hard labor on each count which sentences were to be served concurrently. The court suspended execution of the sentences under the special condition that defendant serve the first year of the sentences in the parish prison. Defendant was further ordered to pay court costs of seventy dollars or to serve an additional thirty days in the parish prison. On appeal, defendant relies on four assignments of error for reversal of his convictions and sentences.[1]
In brief to this court, defendant contends the trial judge erred in denying his motion to quash the bill of information grounded on the claim that more than two years had elapsed between the date of institution of prosecution and commencement of trial.
Defendant did not designate the denial of his motion to quash the information as an error to be urged on appeal. Hence, the alleged error is not before us for review. La.Code Crim.P. art. 844; State v. Provost, 352 So.2d 661 (La.1977). Nevertheless, we have examined defendant's contention. Prosecution of this case was instituted by bill of information filed on May 17, 1974. La.Code Crim.P. art. 934(7). Thereafter, defendant filed motions for continuances on March 5, 1975, and May 11, 1976, which were granted by the trial judge on the same dates as they were filed. On October 21, 1976, more than two years after institution of prosecution but within one year of the court's ruling on defendant's motion for a continuance on May 11, 1976, trial was commenced.
La.Code Crim.P. art. 578 provides that, in non-capital felony cases, "no trial shall be commenced . . . after two years from the date of institution of the prosecution. . . ." In the instant case, more than two years elapsed between institution of prosecution by the filing of the bill of information on May 17, 1974, and commencement of trial on October 21, 1976. However, La.Code Crim.P. art. 580 provides for suspension of the time limitations set forth in article 578 in certain instances:
When a defendant files a motion to quash or other preliminary plea, the running of the periods of limitation established by Article 578 shall be suspended until the ruling of the court thereon; but in no case shall the state have less than one year after the ruling to commence the trial.
This court has previously determined that a motion for a continuance filed by a defendant is a preliminary plea under the above provision which suspends the running of the periods of limitation established by article 578 until the court rules thereon. State v. Cranmer, 306 So.2d 698 (La.1975); State v. Barton, 292 So.2d 187 (La.1974). In the instant case, defendant filed a motion for a continuance on May 11, 1976 (six days before the running of the two-year time limitation for commencement of trial), which *557 was granted by the court on the same date. Pursuant to La.Code Crim.P. art. 580, the state could have no less than one year after the court's ruling on defendant's motion for a continuance to commence the trial. Trial, in fact, was commenced on October 21, 1976, within one year of the court's ruling on defendant's motion. Hence, trial was commenced within the statutory time limits. The trial judge did not err in denying defendant's motion to quash the bill of information.

ASSIGNMENT OF ERROR NO. 3
Defendant contends the trial judge erred in denying his motion for a judgment of acquittal urged after the close of the state's evidence.
La.Code Crim.P. art. 778 provides that, in a trial by the judge alone, the court shall enter a judgment of acquittal on one or more of the offenses charged, on its own motion or on motion of defendant, after the close of the state's evidence or of all the evidence, if the evidence is insufficient to sustain a conviction. On a motion for a judgment of acquittal, our review is limited to determining whether there is a total lack of evidence to prove the offense or any element thereof. State v. Gibson, 359 So.2d 147 (La.1978); State v. Little, 353 So.2d 255 (La.1977); State v. Smith, 352 So.2d 216 (La.1977); State v. Bizette, 334 So.2d 392 (La.1976); State v. Shores, 334 So.2d 193 (La.1976).
In the instant case, defendant was charged in the same information with two separate counts of forgery in violation of La.R.S. 14:72 which provides in pertinent part:
Forgery is the false making or altering, with intent to defraud, of any signature to, or any part of, any writing purporting to have legal efficacy.
Issuing or transferring, with intent to defraud, a forged writing, known by the offender to be a forged writing, shall also constitute forgery.
Specifically, the information charged that defendant did wilfully and unlawfully (1) forge, with intent to defraud, a certain instrument purporting to have legal efficacy, to-wit: a check drawn on the Harvard Trust Co., Cambridge, Massachusetts, dated May 3, 1974, in the sum of $57,475, payable to the order of Land Development Research Company and signed by Jack Dickson and Arthur Bryant, each as purported makers thereof; and (2) issue and transfer, with intent to defraud, the above described forged writing which was known by defendant to be a forged writing.
Evidence adduced at the trial of this matter revealed that a series of twenty checks in consecutive order had been stolen from the Badger Company located in Cambridge, Massachusetts. One of these checks was filled in by defendant with the Land Development Research Company as payee in the sum of $57,475 and was stamped without authorization with the "facsimile signatures" of the comptroller and assistant comptroller of the Badger Company as the purported makers of the check by means of a machine signature plate. Subsequently, defendant opened an account with a $200 cash deposit at the Civic Center Branch of the Hibernia National Bank in New Orleans under the trade name of Land Development Research Company. He represented himself as Robert F. Varley, sole proprietor of the company, and as identification used a credit card which had been issued to a Robert F. Varley and which had been lost by that individual several months earlier. Later that same day, defendant, again representing himself to be Varley, went to the Mid-City Branch of the Hibernia National Bank (also located in New Orleans) and presented the above described forged check for deposit to the account which he had just previously opened at the Civic Center Branch.
We consider that the affixing to the check by defendant of the signatures of the purported makers of the check by machine signature plate without authorization constitutes some evidence of the crime of forgery charged in count one of the information, i. e., the false making or altering, with intent to defraud, of any signature to, or any part of, any writing purporting to *558 have legal efficacy. La.R.S. 14:72. Moreover, it was stipulated by and between counsel that, prior to transferring the forged check to the bank, defendant had endorsed the reverse side of the check as Robert F. Varley, sole proprietor of the Land Development Research Company. The forgery of the endorsement was not charged in the bill of information as one of the ways in which defendant committed the crime of forgery. However, introduction of evidence at trial without objection and in fact by stipulation of counsel that defendant had forged the endorsement on the check, which evidence varied from the averments recited in the information, constitutes a waiver by defendant of any complaint on the basis of a variance between the allegations of the information and the evidence offered in support thereof. La. Code Crim.P. art. 488; State v. Glover, 304 So.2d 348 (La.1974). Proof of the forgery of the endorsement also constitutes some evidence of the crime charged in count one of the information.
We also find that defendant's presentation of the forged check at the branch bank for deposit to the account which he had previously opened clearly constitutes some evidence of the crime described in count two of the information, I. e., issuing or transferring, with intent to defraud, a forged writing known by the offender to be a forged writing. La.R.S. 14:72.
Since we find some evidence of the offenses charged and each element thereof, the trial judge properly denied defendant's motion for a judgment of acquittal. Assignment of Error No. 3 is without merit.

DECREE
For the reasons assigned, the convictions and sentences are affirmed.
TATE, J., assigns additional concurring reasons.
TATE, Justice, concurring.
I concur in the majority opinion. However, I expressly note that the issue has not been raised and we do not pass upon whether an accused can receive multiple sentences for what is essentially the same offense, the forging of a check and its subsequent issuance and transfer. Since in the present case the defendant received concurrent sentences, no prejudice was sustained in this judge-trial by the prosecutor's treatment as multiple offenses of what is arguably only one illegal transaction.
NOTES
[1] Assignments of Error Nos. 1, 2 and 4 are expressly abandoned by defendant in brief to this court; therefore, they will not be considered.