STOKER, Judge.
We granted writs in this criminal case on the application of the defendant to determine whether the trial court improperly failed to quash the prosecution of defendant because of the failure of the State to bring the case to prosecution within two years and the failure to accord him his constitutional right to a speedy trial.
The State filed a Bill of Information on March 19, 1981 charging the defendant, Mike W. Ebey, with the crime of possession with intent to distribute a scheduled IV controlled dangerous substance, namely Diazepam (Valium). Trial of the case was either reset or passed several times.. Finally, the trial was fixed for February 13, 1984. On February 13, 1984 defendant’s counsel filed a Motion to Quash for Failure to Afford a Speedy Trial and for Prescription. The motion was heard that day, argued and denied. On motion of the State the trial court reset trial for February 21, 1984. The trial court denied an application for an order to stay the trial.
We granted a writ and a stay order and ordered that the matter be set down on our regular docket.
Prior to February 13,1984, insofar as the trial court minutes are concerned, the last action in the case appears to have taken place on April 16, 1982. On that date the minutes show trial was reset for July 12, 1982. At the February 13, 1984 hearing on the motion to quash, the assistant district attorney handling the case stated that on July 12, 1982, or sometime shortly before that date, Ebey’s counsel requested a continuance of Ebey’s case until the conclusion of prosecution of another defendant. According to the assistant district attorney, trial of the other defendant was had in *1310 November of 1983. Ebey’s case was reset upon written motion dated December 21, 1983 for February 13, 1984. Ebey’s attorney denies any recollection of requesting a continuance with reference to the July 12, 1982 trial date.
The State, bases its opposition to the quashal on the ground that the alleged continuance avoided or prevented the running of the prescriptive period of two years for prosecution allowed by LSA-C.Cr.P. art. 578. To support its factual contentions the State introduced, over defendant’s objection, certain office notes kept as a part of the district attorney’s file in the case. Admittedly, there was no written motion for a continuance, and there is no contention by the State that an oral motion was made in open court by defendant’s counsel. The State’s version, as stated by the assistant district attorney, is as follows:
“The matter was originally set for trial on July 13th, 1981. It was passed at that time and was refixed for trial on January the 11th, ’82, passed for some other reason, and on April 16th, 1982 was reset for trial on July 12th, 1982, well within the time periods established by our Code of Criminal Procedure in which to institute prosecution. At that date, on July 12th, Í982, or sometime shortly before that, I had a conversation with Mr. Ry-land, the defense counsel. I have a note to that effect on the back of my file of the State versus Michael Ebey that I continued that case by reason of the defense counsel, Mr. Dexter Ryland, asked that the case of Michael Wayne Ebey be continued until such time as the conclusion of the first degree murder trial of State versus Wren in which he was defense counsel also.”
The trial court’s ruling is contained in the following exchange taken from the transcript of the hearing:
“BY MR. RYLAND: Your Honor, just briefly. If the minutes would reflect in any place where I had made an oral motion for continuance, I might think twice about making this motion, but it does not reflect that.
“BY THE COURT: Well, this Court, of course, has heard many oral motions made for continuances and agreements between the District Attorney and the defense attorney to continue a matter for one reason or the other. And without going into the veracity of either the District Attorney or the defense attorney, I’m going to overrule the motion to quash on the basis that there is evidence of at least a continuance having been filed either orally or otherwise between agreement between the State and the defense attorney, and that this Court feels that that was interruption of the prescriptive period and order the matter be set for trial.
BY MR. RYLAND: To which ruling we would object....”
From the State’s brief its position appears to be that the informal continuance granted as to the fixing for July 12, 1982 served to interrupt or suspend the running of the prescription provided by LSA-C. Cr.P. art. 578. The State relies on LSA-C. Cr.P. art. 580 which reads as follows:
“Art. 580. Suspension of time limitations
“When a defendant files a motion to quash or other preliminary plea, the running of the periods of limitation established by Article 578 shall be suspended until the ruling of the court thereon; but in no case shall the state have less than one year after the ruling to commence the trial.”
The State’s position is not well taken for two reasons.
The first reason the State’s position lacks merit is the fact that the event which may have precipitated the application of Article 580 of the Code of Criminal Procedure, that is, the continuance purportedly granted July 12, 1983, was admittedly not granted pursuant to a written motion. Consequently, there was no motion for a continuance of which the trial court could take cognizance. LSA-C.Cr.P. art. 707. An oral motion for a continuance is without effect, State v. Miles, 339 So.2d 735 (La.1976), but the record does not even indicate that an oral motion was made. As a consequence, we do not reach the question of the effect *1311 that a motion for a continuance by a defendant may have on his rights to have the prosecution commence trial within the two-year time limit set by Article 578 of the Code of Criminal Procedure. For the same reason we are not called upon to consider any credibility evaluation which the trial judge may have made relative to the testimony of counsel.
The second reason that the State’s position is without merit has to do with the effect of Article 580 of the Code of Criminal Procedure quoted above. Even if all of the State’s contentions relative to prescription were well grounded, it should have commenced prosecution by July 12, 1983. A motion for a continuance filed by a defendant is a preliminary plea, which under Article 578 (as referred to in Article 580), suspends the running of prescription. State v. Fabacher, 362 So.2d 555 (La.1978). State v. Cranmer, 306 So.2d 698 (La.1975); State v. Harton, 292 So.2d 187 (La.1974) and State v. Benson, 254 La. 867, 227 So.2d 913 (1969). Under these cases, had there been a suspension by reason of the continuance, the case should have been brought to prosecution within one year of the continuance, that is, one year from July 12, 1982. Under the circumstances, the defendant is entitled to have the prosecution quashed.
In his brief, counsel states that the State does not agree with the decision in State v. Benson, supra, or in the per curiam opinion in State v. Hudson, 263 La. 72, 267 So.2d 198 (1972). Nevertheless, the State merely %rges that Article 580 of the Code of Criminal Procedure has been too strictly interpreted. As these interpretations have been made by the Louisiana Supreme Court, we are governed by them.
For the foregoing reasons, the judgment of the trial court denying defendant’s motion to quash is reversed. It is ordered that the defendant be discharged.
REVERSED.
DOMENGEAUX, J., concurs and assigns reasons.