620 So.2d 341 (1993)
STATE of Louisiana
v.
Irvin JONES.
No. 93-KA-134.
Court of Appeal of Louisiana, Fifth Circuit.
May 25, 1993.
Dorothy A. Pendergast, Ronald Bodenheimer, Asst. Dist. Attys., Gretna, for plaintiff/appellee.
Ginger Berrigan, Gretna, for defendant/appellant.
Before GAUDIN, WICKER and GOTHARD, JJ.
*342 GOTHARD, Judge.
On April 12, 1988 defendant, Irvin Jones, and three co-defendants were charged by bill of information with possession with intent to distribute cocaine in violation of LSA-R.S. 40:967. He was arraigned on June 16, 1988 and pled not guilty. The matter was originally set for trial on September 12, 1988. The trial was continued and reset numerous times on oral motion by the defendants. On several occasions the defendant failed to appear on the date the matter was set for trial and in at least one instance an attachment was issued, the return of which indicated that the defendant had moved.
On March 19, 1991 the defendant filed a motion to quash requesting that the bill of information be dismissed for failure to timely try the defendant. Following the denial of that motion on January 13, 1992, the defendant withdrew his not guilty plea and entered a plea of guilty to a reduced charge of possession of cocaine, while reserving his right to appeal the denial of his motion to quash pursuant to State v. Crosby, 338 So.2d 584 (La.1976). The trial court sentenced the defendant to serve two years at hard labor with credit for time served.
Because the defendant pled guilty, only minimal facts concerning the offense can be ascertained. The defendant was a passenger in a vehicle driven by one of the codefendants. When police officers stopped the car for a routine traffic violation they saw, in plain view, a small amount of narcotics on the front seat. A subsequent search revealed thirty grams of cocaine in sixty individual packets.
On appeal defendant asserts that the trial court erred in denying his motion to quash the indictment. He argues that the trial did not commence within two years from the date of institution of prosecution as required by LSA-C.Cr.P. art. 578(2)[1].
Prosecution of defendant herein began on April 12, 1988 with the filing of a bill of information charging him with a violation of LSA-R.S. 40:967. Trial was set timely but was continued many times, often on oral motion by defense counsel. On at least two occasions the defendant failed to appear and attachments were issued as a result. Following a continuance granted on a joint oral motion on December 18, 1990, the defendant filed a motion for discovery and inspection. After another continuance was granted at defense request on February 28, 1991, the defendant filed a motion to suppress on March 14, 1991 and the motion to quash at issue herein on March 19, 1991. Until the filing of the motion to quash, all motions for continuance were made orally. The only written motions for continuances contained in the record were filed after the motion to quash was filed.
LSA-C.Cr.P. art. 578 establishes a two year prescriptive period from institution of prosecution to commencement of trial in non-capital felony cases. LSA-C.Cr.P. art. 580 provides for suspension of that prescriptive period when a defendant files a motion to quash or another preliminary plea. The period is suspended until the ruling of the court, but in no case shall the State have less than one year after the ruling to commence trial. State v. Watkins, 594 So.2d 501 (La.App. 5 Cir.1992), writ denied, 600 So.2d 654 (La.1992).
A motion for a continuance filed by a defendant is a preliminary plea under LSA-C.Cr.P. art. 580 which suspends the running of the prescriptive period. State v. Fabacher, 362 So.2d 555 (La.1978); State v. Cranmer, 306 So.2d 698 (La.1975). Joint motions to continue likewise suspend the period of limitation. State v. Simpson, 506 *343 So.2d 837 (La.App. 1st Cir.1987), writ denied, 512 So.2d 433 (La.1987).
Defendant argues that oral motions cannot suspend the prescriptive period set forth in article 578 since LSA-C.Cr.P. art. 707 mandates that motions for continuance be in writing.[2]
In support of his argument defendant cites State v. Ebey, 452 So.2d 1309 (La. App. 3rd Cir.1984). In that case the State alleged that defense counsel informally requested that the district attorney continue the Ebey matter until a co-defendant was tried. The defense denied any recollection of that request. In Ebey there was no oral motion made in open court by the defense as occurred on many occasions in the instant case.
The Ebey court rejected the State's position that the trial court was correct in denying the motion to quash. The court found that there was no written motion for continuance nor any indication that an oral motion was made in open court by defendant's counsel; and even if there was a suspension by reason of the continuance the case should have been brought to prosecution within one year of the continuance. However, the court did not reach the question of the effect that a motion for a continuance by a defendant might have on his right to have the prosecution commence trial within the prescriptive period because of the absence of any such motions.
We find Ebey clearly distinguishable from the instant case. Here it is clear from the record that the delays were, for the most part, accommodations to the defense in response to oral motions for continuances made in open court.
We are mindful of the mandate that a motion for continuance be written to be effective. However, we agree with the State's contention that the requirement of a written motion may be waived. See State v. Overton, 337 So.2d 1058 (La.1976). We find that the defendant, by repeatedly making oral motions for continuances either solely or jointly with the State, waived the code requirement of a written motion. Consequently, we find this assignment to be without merit.
For the foregoing reasons the defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] Art. 578. General rule

Except as otherwise provided in this Chapter, no trial shall be commenced:
. . . . .
(2) In other felony cases after two years from the date of institution of the prosecution;
. . . . .
[2] Art. 707. Motion for continuance; time for filing

A motion for a continuance shall be in writing and shall allege specifically the grounds upon which it is based and, when made by a defendant, must be verified by his affidavit or that of his counsel. It shall be filed at least seven days prior to the commencement of trial.
. . . . .