630 So.2d 1284 (1994)
STATE of Louisiana
v.
Joseph A. ROME.
No. 93-K-1221.
Supreme Court of Louisiana.
January 14, 1994.
Rehearing Denied February 10, 1994.
*1285 Arthur A. Lemann, III, Martha L. Adams, New Orleans, for applicant.
Richard P. Ieyoub, Atty. Gen., New Orleans, George H. Ware, Jr., Clinton, for respondent.
CALOGERO, Chief Justice.[*]
We granted certiorari in this case to determine whether the state has delayed commencement of trial beyond the period allowed by law, and whether, as a consequence, charges against the defendant should be dismissed. More particularly, does a motion for a change of venue interrupt prescription, such that the time period for commencing trial begins anew? Or does the motion merely suspend prescription? If prescription has not been interrupted, has it been suspended sufficiently regarding the motions for change of venue motion and, in this case, continuance.
Our ultimate determination, as is evident from the balance of the opinion, is that the state has failed to bring defendant, Joseph A. Rome, to trial timely.
The facts in this case are not in dispute and are essentially as follows. On October 5, 1989, defendant was indicted by a West Feliciana grand jury on twenty-two counts each of theft and criminal conspiracy. On November 30, 1989, he filed various preliminary pleadings, including a motion for a change of venue. Defendant and the state reached an agreement whereby the defense would withdraw all other motions in exchange for a favorable ruling on its request for a venue change. Thereafter, a hearing was held on April 26, 1990, and a minute entry was entered to reflect withdrawal of the remaining defense motions and to reflect the state's consent to the change of venue. A written order was signed by the district court on May 9, 1989, formalizing the change of venue; the order was filed in the record May 10, 1989. After an unexplained delay, the transferred record finally reached the ninth judicial district court on August 8, 1990.
Trial was originally set for March 4, 1991. In September 1990, defense counsel alerted the trial judge to a possible conflict in his *1286 schedule because of the federal prosecution of an Angola inmate who was a purported conspirator with this defendant regarding the very theft and conspiracy charges being faced by this defendant. The judge responded that if the state agreed, defendant's trial would be rescheduled. The district attorney then forwarded to the judge a joint motion for continuance, requesting that the joint motion not be signed by the judge until the parties could set a date.[1] On March 4, 1991, the trial judge ordered trial continued without date. The state finally set defendant's trial for July 6, 1992. On the morning the trial began, the defense filed a motion to quash, asserting that trial on these charges was barred because the two-year prescriptive period during which the state must commence trial had run.
The trial judge granted defendant's motion to quash. On appeal, the third circuit reversed, holding that until the record is lodged in the new venue, jurisdiction remains with the transferring court and no venue has been "changed." The court of appeal reasoned that because the state prosecutor was not at fault for the delay in transferring the record, the delay should not be held against the state. The court of appeal was equally certain that the delay between granting defendant's motion for a change of venue and receipt of the record by the ninth judicial district court (to which the case had been transferred) was "a sufficient cause for interruption of the two-year period of limitation" for commencing trial, State v. Rome, 616 So.2d 1360, 1365 (La.App. 3d Cir.1993), the consequence being that the state had a full two years from August 8, 1990, to commence trial.
Louisiana's relevant statute provides that no felony trial, other than for a capital offense, may be commenced after two years from the date of institution of the prosecution.[2]See La.Code Crim.Proc.Ann. art. 578(2) (West 1983). The purpose of the statute's mandating dismissal, when legislative time limits have elapsed, is to enforce the accused's right to a speedy trial and to prevent the oppression caused by suspending criminal prosecutions over citizens for indefinite periods of time. See State v. Walgamotte, 415 So.2d 205, 210 (La.1982) (quoting State v. Theard, 212 La. 1022, 34 So.2d 248 (1948)). Moreover, the statutory scheme limiting the state's time in which to commence trial after initiating prosecution "prevents delays in the administration of justice by imposing on judicial tribunals an obligation of proceeding with reasonable dispatch in the trial of criminal prosecutions." Id. at 251. Statutes of limitation, as the primary guarantees against inordinate delays, represent the legislative balancing of the interests of the state against the interests of the defendant. Accordingly, these limitations should be given effect unless the state carries its burden of showing valid grounds to support an interruption or sufficient suspension of these time periods.
A motion to quash is the proper procedural vehicle for challenging an untimely commencement of trial. See La.Code Crim.Proc.Ann. arts. 532(7), 581; see also State v. Brown, 451 So.2d 1074, 1079 (La. 1984); State v. Taylor, 439 So.2d 410 (La. 1983); State v. Walgamotte, 415 So.2d 205 (La.1982). When defendant has brought an apparently meritorious motion to quash based on prescription, the state bears a heavy burden to demonstrate either an interruption or a suspension of the time limit such that prescription will not have tolled. See State v. Brown, 451 So.2d 1074, 1079 (La. 1984); State v. Taylor, 439 So.2d 410, 412 (La.1983); State v. Walgamotte, 415 So.2d 205 (La.1982). State v. Nations, 420 So.2d 967, 967 (La.1982); State v. Driever, 347 So.2d 1132 (La.1977).
*1287 An interruption of prescription occurs when the state is unable, through no fault of its own, to try a defendant within the period specified by statute, in this case two years. The Louisiana Code of Criminal Procedure article 579(A)(2) provides in pertinent part that the two-year period of limitation will be interrupted if the defendant "cannot be tried because of insanity or because his presence for trial cannot be obtained by legal process, or for any other cause beyond the control of the state." Once the cause of interruption disappears, the two-year time limit begins anew. See La.Code Crim.Proc.Ann. art. 579(B). In contrast, the prescriptive period is merely suspended, until the trial court rules on the filing of preliminary pleas.[3] The relevant period is simply not counted, and the running of the time limit resumes when the motions are ruled on. Note, however, that "in no case shall the state have less than one year after the ruling to commence the trial." La.Code Crim.Proc.Ann. art. 580.
In light of the above discussion of the differences between interruption and suspension, if the state is successful in arguing that the change of venue or the motion for continuance causes an interruption, the state will prevail here, because the time limit starts anew and the trial was brought within the new two-year period. On the other hand, if there has been no interruption, the state's only possibility for success is to rely on suspension of prescription. To prevail in this latter regard, the state would have to show that the thirty-three months between defendant's indictment and the trial includes one or more suspension periods totalling a full nine months.
First, insofar as the interruption of prescription is concerned, we conclude that there was none. The state has not proven "the defendant [could not] be tried because of insanity or because his presence for trial [could not] be obtained by legal process, or for any other cause beyond the control of the state." La.Code Crim.Proc.Ann. art. 579(A)(2). Further, this Court has consistently held a motion for a change of venue to be a preliminary plea, which has the effect of delaying trial. It is well settled in Louisiana that the filing of such a preliminary plea suspends, rather than interrupts, prescription. See La.Code Crim.Proc.Ann. art. 580; State v. Brooks, 505 So.2d 714, 725 (La.1987); State v. Cranmer, 306 So.2d 698 (La.1975); State v. Miller, 263 La. 138, 267 S.2d 550 (1972); State v. Elfert, 247 La. 1047, 175 So.2d 826 (1965).[4] Once a change of venue is granted, all procedural rules are applicable, "and the case shall be proceeded with in the same manner as if the proceedings had originally been instituted therein." La.Code Crim.Proc.Ann. art. 624. See State v. Mejia, 250 La. 518, 197 So.2d 73 (1967). Therefore, in the present case, the filing of the motion for a change of venue did not interrupt prescription. Such motion causes only a suspension of the time limit, a period of suspension that is either eight months (November 30, 1989, to August 8, 1990), as the state has argued, or five months (November 30, 1989, to April 26, 1990), which is what we conclude is correct, for reasons stated below.
Nor has the state shown that the continuance served to interrupt prescription in this case. It is undisputed that the state submitted to the trial court a joint motion for continuance after defense counsel notified the court of a conflict in scheduling and after the court responded that it would entertain rescheduling the case if all parties agreed. The question, therefore, is whether the state can claim that the joint motion for continuance was a delay beyond its control, one which would trigger an interruption rather than a suspension of prescription. Again, it *1288 is well settled that when the state has consented to a preliminary plea, such as the joint motion for a continuance filed in the present case, it cannot thereafter point to that delay as "a cause beyond [its] control" under article 579, which would interrupt prescription and would excuse a failure to commence trial within the time limits. State v. Hudson, 263 La. 72, 267 So.2d 198 (1972); State v. Benson, 254 La. 867, 227 So.2d 913 (1969). Clearly, the joint motion for a continuance is insufficient to interrupt prescription.
With regard to suspension, has the state shown a nine month suspension so as to preserve their right to commence trial? They had two years from the institution of prosecution on October 5, 1989. Accordingly, they should have commenced trial by October 5, 1991, barring an interruption (which we have already concluded is not implicated) or a sufficient suspension of the time limits. Trial commenced on July 6, 1992, nine months after the tolling of the two years.
The state has argued that they are entitled to the requisite nine month suspension based on a suspension of eight months resulting from the change of venue motion and two months resulting from the motion for continuance. Regarding the eight month suspension from the motion for change of venue, we disagree. We conclude, for the reasons stated below, that the state correctly urged only a five month suspension resulting from filing of the motion for change of venue. Regarding the motion for continuance, even if the state is correct that they are entitled to a two month suspension, these two months added to the five months from the change of venue do not equal the nine month suspension needed to make this trial timely.
The state has argued that there was a suspension from the filing of the motion for a change of venue on November 30, 1989 to the lodging of the record in the ninth judicial district court on August 8, 1990, a period of eight months. As already indicated, this is not so. Article 580 of the Louisiana Code of Criminal Procedure is clear that when defendant has filed a preliminary motion such as a motion for a change of venue, "the running of the periods of limitation ... shall be suspended until the ruling of the court thereon." La.Code Crim.Proc.Ann. art. 580 (emphasis added). There is no statutory or jurisprudential authority for viewing the inevitable ordinary or extraordinary delay associated with a record's physical transfer pursuant to a granted motion for a change of venue as a suspension of prescription.[5] It should be noted that the trial court judge wrote to the district attorney requesting his assistance in speeding up the transfer, but without apparent success.[6] The state is entitled, instead, to the suspension authorized by statutethat is, a suspension from the filing of the motion for a change of venue on November 30, 1989, to the ruling by the court granting that motion on April 26, 1990. The time for commencing trial was suspended for 148 days. Adding this period just shy of five months to the statutorily imposed prescriptive date of October 5, 1991, gave the state until February 29, 1992, to commence trial. In order to have commenced this trial timely, on July 6, 1992, therefore, the state must show that an additional four month suspension of the prescriptive period took place. Their reliance on the joint motion for continuance to provide the needed four month suspension is insufficient.
As noted, this was a joint motion for continuance, signed by the prosecution and defense, presented to the trial court, which prompted grant of the continuance. That continuance resulted in only a two-month delay. Even if we assume that the motion for continuance caused a suspension of prescription, the state still falls short. The trial commencement date in this scenario, moves from February 29, 1992, to April 29, 1992. Yet trial did not commence until July 6, 1992. We need not address whether or not this joint motion for continuance suspends prescription, *1289 for, at most, the state will gain only another two months, and that is not sufficient to make this trial timely.
The state offers no plausible account for its having taken more than two years (mandated by Code of Criminal Procedure article 578(2)), four months (the time unaccounted for after giving the state credit for the suspension between the filing of the motion for change of venue and the court's ruling), and even another two months ascribable to the continuance, to bring defendant to trial. Moreover, the state took no timely action even after the joint motion for continuance had been granted, despite prompting by the trial judge. The record contains two letters from the trial judge urging counsel to fix a trial date and suggesting the court's availability.[7] Under the circumstances, the state can scarcely claim it was disadvantaged or duped. Defendant's motion to quash was properly granted by the trial court.

DECREE
For the foregoing reasons, the judgment of the court of appeal is reversed, and the judgment of the district court quashing the indictment is reinstated. Commencement of trial some thirty-three months after institution of prosecution in this case under these circumstances is barred by the provisions of Louisiana Code of Criminal Procedure articles 578, 579, and 580.
JUDGMENT OF DISTRICT COURT REINSTATED; JUDGMENT OF COURT OF APPEAL REVERSED; DISMISSED.
MARCUS and KIMBALL, JJ., would grant a rehearing.
NOTES
[*] Lemmon, J., not on the panel. Rule IV, Part 2, § 3.
[1] The trial judge had this joint motion filed into the record on July 7, 1992. As requested by the assistant district attorney, the judge did not sign the order accompanying the joint motion. It is undisputed, however, that it was eventually filed in the record at the hearing on the defense motion to quash based on the running of prescription.
[2] The Louisiana Code of Criminal Procedure, article 578(2) provides in pertinent part:

Except as otherwise provided in this Chapter, no trial shall be commenced:
(2) In other felony cases after two years from the date of institution of the prosecution.
[3] The Louisiana Code of Criminal Procedure article 580 provides:

When a defendant files a motion to quash or other preliminary plea, the running of the periods of limitation established by Article 578 shall be suspended until the ruling of the court thereon; but in no case shall the state have less than one year after the ruling to commence the trial.
[4] Prior to 1966, dilatory pleas acted to interrupt prescription. See State v. Benson, 254 La. 867, 227 So.2d 913 (1969); see also La.Code Crim. Proc.Ann. art. 580 cmt. (b). When the Code of Criminal Procedure was adopted pursuant to Acts 1966, No. 310, the legislature changed that, providing instead that dilatory pleas would suspend rather than interrupt prescription. La. Code Crim.Proc.Ann. art. 580.
[5] It is undisputed that the delay here was extraordinary.
[6] Although this letter is not part of the record, the judge referred to the letter in his ruling, and the state does not dispute its existence or the judge's account of its contents. The state was alerted to the fact that the delay was longer than usual, and, even when asked, did nothing to shorten the delay.
[7] One letter, dated November 15, 1991, is addressed to Wayne Mancuso, who represented defendant's co-conspirator, with a copy to Prosecutor George Ware. The second, dated December 18, 1991, and addressed to both Ware and defense counsel, apprised the parties that trial could be accommodated "the first full week of [any] month" in "early 1992." Instead, the state set trial for July 6, 1992.