| .BROWN, J.
Charged with possession with intent to distribute Valium, defendant, Susan Paige Murray, pled guilty under State v. Crosby, 338 So.2d 584 (La.1976), reserving her right to have reviewed on appeal the trial court’s denials of her motions to suppress and quash.[1] Defendant was sentenced to five years at hard labor, which was suspended, with five years of active/supervised probation and a fine of $2,000, plus court costs. On appeal, defendant alleges that the trial judge erred in denying her motion to suppress and her motion to quash. We affirm.

DISCUSSION

Motion To Suppress

Defendant argues that because consent to search her home was neither sought nor given, the trial court erred in denying her motion to suppress evidence *481 that she turned over to police officers who visited her residence.
On March 17, 1994, at approximately 6:52 p.m., two Ruston narcotic officers went to defendant’s mobile home after receiving information from a confidential source that defendant had sold marijuana from this residence. The officers did not have a warrant to either search the home or to arrest anyone. Defendant opened the door and was told by the officers that they had received information that she was involved in the use and sale of controlled substances. The officers asked if “it would be alright if (they) came inside to speak with (defendant and her husband) about (their information).” Defendant responded positively and allowed them into the home. The officers immediately Miran-dized defendant and her husband, who was also inside the residence. Defendant and her husband were told that the officers had received information that drugs were being sold from the home and stated, “if there are any illegal substances in the trailer that | g(it) needed to be turned over to us.” Defendant immediately took one of the officers to the bedroom, where she retrieved and gave to him 402.2 grams of marijuana, a box of Rohypnol, 332 tablets of Valium, a set of scales, and a money bag containing $335 in cash and a memo pad detailing transactions involving the sale of marijuana and Valium. In addition, defendant gave a heart-shaped tin box to the officer which she referred to as a personal stash.
Neither defendant nor her husband, who was also charged, have claimed that the officers said that they were there to search the house or make an arrest.[2] At the suppression hearing, defense counsel stipulated that appropriate Miranda rights were given; thus, defendant and her husband were told that they did not have to talk with the officers and could consult with an attorney. After hearing her rights, defendant stated that there were drugs in the bedroom and took an officer with her to the room, where she got the contraband and gave it to him. No force, threats or promises were conveyed to defendant or her husband by the officers. Even defendant’s assertion that she was promised leniency if she cooperated occurred after the incriminating evidence was given to the officers.[3]
The issue concerning the receipt by the officers of the evidence involves whether, taking into account all of the circumstances surrounding the encounter, the police conduct was such that a reasonable person would have felt not at liberty to deny the officers’ request for entry into the home and thereafter, their request that any illegal substances be given to them. Florida v. Bostick, 501 U.S. 429, 111 S.Ct. 2382, 115 L.Ed.2d 389 (1991).
| sThere was no testimony as to how the officers were dressed or whether they displayed any weapons. Neither defendant nor her husband were asked how they perceived the situation, nor were they asked if they felt coerced.
Defendant was 24 years old at the time of this incident, a graduate of Ruston High School and beautician school. She worked as a hair stylist and at the time of her guilty plea, operated her own business. Her complaint on appeal is that the officers did not specifically ask for consent to search; however, as noted above, no search was conducted by the officers. Under these circumstances, the trial court correctly denied the motion to suppress.

Motion To Quash

Defendant next argues that the trial court erred in denying her motion to quash the indictment for failure to commence *482 trial within two years of the institution of prosecution.
The drugs were discovered on March 17, 1994 and the original bill of information charging defendant with possession of Valium, a schedule IV, CDS, was filed timely on July 8, 1994. Defendant then filed a motion to suppress on February 13, 1995. The motion was heard and taken under advisement on September 1, 1995. The motion was subsequently denied by written opinion on December 12, 1996. The bill of information was amended on April 23, 1997, upgrading the charge to possession with intent to distribute schedule IV, CDS.[4] On April 25, 1997, defendant filed a motion to quash based upon the timeliness of the filing of the amended bill. The motion was subsequently denied on August 27, 1997.
|4On November 3, 1997, defendant entered a Crosby plea to possession with intent to distribute Schedule IV, CDS.
Article 578 of the Louisiana Code of Criminal Procedure states: “Except as otherwise provided in this chapter no trial shall be commenced ... (2) (in noncapital cases) after two years from the institution of prosecution.” The Louisiana Code of Criminal Procedure, however, allows for numerous circumstances in which the two-year prescriptive period for the state to commence trial may be interrupted or suspended. La.C.Cr.P. art. 580 provides that “[w]hen a defendant files a motion to quash or other preliminary plea, the running of the periods established by Article 578 shall be suspended until the ruling of the court thereon; but, in no case shall the state have less than one year from the ruling to commence the trial.”
The two-year period was suspended in this case when defendant filed her motions to suppress and quash on February 13, 1995. The fact that several hearing dates were continued has no bearing upon the suspension that began upon their filing.[5] State v. Jones, 620 So.2d 341 (La.App. 5th Cir.1993). Additionally, when defendant filed another motion to quash on April 25, 1997, and the court ruled on August 27, 1997, the state had a year from that date to commence trial or accept a valid guilty plea.
Defendant’s contention that prosecution was instituted on the day of her arrest, June 14, 1994, is misplaced. Prosecution is instituted by indictment or information. La.C.Cr.P. art. 382. Even so, the motion to suppress was filed within two years of the arrest and, as indicated herein, suspended the time period for commencing trial. Further, La.C.Cr.P. art. 572 provides that prosecution for a |sfelony necessarily punishable by imprisonment at hard labor shall be instituted within six years. The amendment and new bill were filed within the six-year limitation.

CONCLUSION

For the reasons set forth above, defendant’s conviction and sentence are AFFIRMED.

. A separate bill of information charging her with possession with intent to distribute marijuana was dismissed.

. Defendant’s husband was also charged and pled guilty. This record does not reflect that he has appealed.

. After receiving the evidence, the officers spoke with both defendant and her husband about whether they would help in other investigations and stated that if they did, their cooperation would be made known to the district attorney.

. A new bill of information was also filed charging possession with intent to distribute marijuana. This charge was dismissed with defendant’s guilty plea.

. We note that defendant’s attorney either made no objection or agreed to the continuances.