755 So.2d 205 (2000)
STATE of Louisiana
v.
Joseph MORRIS.
No. 99-KK-3235.
Supreme Court of Louisiana.
February 18, 2000.
PER CURIAM:[*]
The ruling of the trial court is reversed and this case is remanded to the district court for purposes of rehearing the motion to quash.
The trial court erred in giving the state the benefit of the doubt on the issue of prescription. Once the accused shows that the state has failed to bring him to trial within the time periods specified by La.C.Cr.P. art. 578, the state bears a heavy burden of demonstrating that either an interruption or a suspension of the time limit tolled prescription. State v. Joseph, 93-2734, p. 1 (La.6/3/94), 637 So.2d 1032; State v. Rome, 630 So.2d 1284, 1286 (La.1994); State v. Estill, 614 So.2d 709, 710 (La.1993). In the present case, the state filed its bill of information charging relator with fourth offense D.W.I. on February 7, 1997, and it therefore had until February 7, 1999, to bring relator to trial. La.C.Cr.P. art. 578(2). Even assuming that relator asked the court on February 12, 1997, to continue his arraignment set for that date, a motion for a continuance suspends, not interrupts, the running of prescription "until the ruling of the court thereon." La.C.Cr.P. art. 580; see State v. Fabacher, 362 So.2d 555, 556 (La.1978); State v. Cranmer, 306 So.2d 698, 699-700 (La.1975). La.C.Cr.P. art. 580 further provides that "in no case shall the state have less than one year after the ruling to commence the trial." The court's continuance of arraignment on February 12, 1997, only a week after the state initiated prosecution by filing the bill of information, had no bearing on the prescription issue because the one-year minimum time period provided by art. 580 for bringing the accused to trial after the court ruled on the motion was far less than the balance of the original two-year term provided *206 by art. 578(2). See State v. Harris, 29,574, p. 4 (La.App. 2nd Cir. 5/7/97), 694 So.2d 626, 629 ("Contrary to the state's contention, the prescriptive period is suspended when the preliminary motion is filed, not when it is ruled upon by the trial court."). To carry its heavy burden of justifying the untimely prosecution of relator, who was not arraigned until June of 1999, or several months after the two-year time limit had already apparently lapsed, the state must show that another ground of interruption under La.C.Cr.P. art. 579 or of suspension under art. 580 existed to justify the delay.
NOTES
[*] Lemmon, J., not on panel. See La. S.Ct. Rule IV, Part II, § 3.