TERRI F. LOVE, Judge.
11 This appeal arises from the State seeking review of the trial court’s granting of Ramon Travis’ motion to quash based on the expiration of the two-year prescriptive period for commencement of trial. For the reasons that follow, we find that the trial court did not abuse its discretion in granting the motion to quash, as the two-year prescriptive period expired and affirm.

FACTUAL BACKGROUND

The facts of this case are immaterial to the disposition of the issue presented for this Court’s review.

PROCEDURAL HISTORY

Ramon Travis was initially charged with possession of a firearm by a convicted felon on January 19, 2006 under case #463-720 in section “L.” On May 22, 2007, the day of trial, the State of Louisiana (“State”) entered a nolle prosequi.
On July 10, 2007, the State reinstated the charges under the current case number, and an alias capias was issued. The case was transferred back to section “L,” a number of status hearings were set with *1038 out the presence of Mr. Travis or his attorney.
The May 9, 2008 minute entry states that Mr. Travis’ attorney, Cliff Stoutz, appeared without Mr. Travis and that the trial court recalled the alias capias.[1] No new date was set.
Approximately two and one-half years transpired before any further action on the case. On November S, 2010, the State requested that the trial court set a hearing for November 15, 2010. Attorney Stoutz appeared without Mr. Travis. The case was reset for December 20, 2010. At the December 20, 2010 hearing, the trial court issued an alias capias for Mr. Travis’ arrest.
Mr. Travis was arrested pursuant to the alias capias on May 5, 2011. On November 18, 2011, Mr. Travis filed a motion to quash asserting that the time limitation or prescriptive period for commencement of trial expired. The trial court granted the motion to quash and the State’s appeal followed.

MOTION TO QUASH

The State alleges that the trial court erred in granting Mr. Travis’ motion to quash. A trial court’s ruling on a motion to quash on the ground that the time limitation or prescriptive period for commencement of trial has expired is reviewed under an abuse-of-discretion standard. See State v. Love, 00-3347, pp. 9-10 (La.5/23/03), 847 So.2d 1198, 1206.
The State re-instituted proceedings against Mr. Travis on July 10, 2007, by filing a bill of information charging him with possession of firearm by a convicted felon, which is a felony punishable by imprisonment at hard labor from ten up to twenty years. La. R.S. 14:95.1; La.C.Cr.P. art. 382(A). Louisiana Code of Criminal Procedure article 578(A)(2) sets forth the time period in which the State was required to bring Mr. Travis to trial. That article provides that in non-capital felony cases, “... no trial shall be commenced ... after two years from the date of institution of the prosecution.” La.C.Cr.P. art. 578(A)(2). Pursuant to the article, barring any interruption or suspension of this time limitation, the State had until July 11, 2009, to bring Mr. Travis to trial.
Mr. Travis’ motion to quash was based on the ground that the State failed to bring his case to trial within the two-year time limitation set forth in La.C.Cr.P. art. 578(A)(2). Mr. Travis averred that he never received actual notice to appear at any time and that he never received notice that the dismissed charges were reinstituted.
“The responsibility of proving timely prosecution rests with the state.” State v. Paul, 11-1347, p. 3 (La.App. 4 Cir. 10/3/12), - So.3d -, -. “When defendant brings an apparently meritorious motion to quash based on prescription, the state bears a heavy burden” to show a legal cause for the delay. State v. Rome, 93-1221 (La.1/14/94), 630 So.2d 1284, 1286.
The State contends that prescription in this case was interrupted as provided for in La.C.Cr.P. art. 579, which provides, in part:
A. The period of limitation established by Article 578 shall be interrupted if:
[[Image here]]
(3) The defendant fails to appear at any proceeding pursuant to actual notice, proof of which appears of record.
The State alleges that Mr. Travis received actual notice at the May 9, 2008 hearing. The minute entry states that Attorney Stoutz appeared without Mr. Travis and *1039 that the trial court recalled the alias capi-as. The State alleged that the logical inference from the minute entry is that Attorney Stoutz agreed to accept service on behalf of Mr. Travis. Otherwise, the State claims that the trial court would not have recalled the alias capias.[2] The State then suggests that Mr. Travis should bear the burden of any further delay of the prosecution because he was aware that charges were pending against him, but never appeared in court until he was arrested on the later alias capias.
In granting Mr. Travis’ motion to quash, the trial court issued the following ruling:
The defense has filed a motion to quash for expiration of time limitations. The August 21, 2007 alias capias was apparently issued because the defendant did not appear — service in the record indicates “subject moved”, although nothing in open court indicates the judge was informed by the State or defense of that fact. The alias capias was recalled on May 9, 2008, no new date was set. The case languished for over two years with no action by the State until November 10, 2010, when the State requested that the matter be set for a hearing. The State’s response to the more than two year gap in time is conjecture and supposition (which may or may not be correct), but not based upon any fact which excuses the ultimate burden on the State under La.C.Cr. P. art. 578 to bring the defendant to trial within two years. Therefore, the motion to quash is GRANTED.
The State’s argument lacks merit. The trial court determined that the State’s argument was not based on any fact which could excuse its burden under La.C.Cr. P. art. 578, and that the argument was not based on anything other than conjecture or supposition. The record does not contain evidence that Mr. Travis failed to appear after receiving actual notice. Therefore, we find that the trial court did not abuse its discretion in granting Mr. Travis’ motion to quash, as the two-year prescriptive period expired.
| DECREE
Accordingly, for the above-mentioned reasons, we find that the trial court did not abuse its discretion in granting Mr. Travis’ motion to quash and affirm.
AFFIRMED

. A written order recalling the alias capias appears in the record.

. The record does not reflect that Attorney Stoutz was in contact with Mr. Travis or had knowledge of Mr. Travis’ location.