# STATE OF LOUISIANA

## COURT OF APPEAL, FIRST CIRCUIT

STATE OF LOUISIANA

VERSUS

DUSTIN MEANS

NO. 2023 KW 1156

**MARCH 8, 2024**

---

In Re:    Dustin Means, applying for supervisory writs, 22nd Judicial District Court, Parish of St. Tammany, No. 1897-F-2023.

---

**BEFORE:    GUIDRY, C.J., CHUTZ AND LANIER, JJ.**

**WRIT GRANTED.** The district court's ruling denying the motion to quash is reversed, and the motion is granted. The periods of limitation shall be interrupted when the defendant for the purpose of avoiding detection, apprehension or prosecution, flees from the state, is outside the state, or is absent from his usual place of abode within the state. La. Code Crim. P. art. 575(1). The state shall not be required to allege facts showing that the time limitation has not expired, but when the issue is raised, the state has the burden of proving the facts necessary to show that the prosecution was timely instituted. La. Code Crim. P. art. 577. When a defendant has brought an apparently meritorious motion to quash based upon prescription, the state bears a heavy burden to demonstrate that the time limitation period has been interrupted or that it has been suspended so that the time limitation has not yet expired. See **State v. Rome**, 93-1221 (La. 1/14/94), 630 So.2d 1284, 1286. The transcript of the motion to quash proceeding does not reflect that the state introduced any evidence at the hearing, and therefore, the state failed to establish that the time period for institution of prosecution was interrupted. Exhibits and attachments not properly and officially offered and admitted into evidence cannot be considered, even if it is physically filed into the trial court record. **State v. Whitley**, 2014-0737 (La. App. 5th Cir. 3/25/15, 169 So.3d 28, n. 1. Accordingly, this matter is remanded for further proceedings.

**JMG**
**WRC**
**WIL**

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
FOR THE COURT