MAX N. TOBIAS, JR., Judge.
hThe defendant, Patsy Ford Baker (“Baker”), argues in her appeal that her guilty plea, and subsequent sentence, to the charge of looting should be reversed because the state took beyond the period of time allowed to bring its case against her to trial, thus violating La.C.Cr.P. art. 578. The state argues in response that Baker’s conviction and sentence should be affirmed because the applicable time period for bringing its case to trial was interrupted by Baker’s failure to appear in court on 25 September 2006 after she was given in-court notice of the hearing on 15 September 2006. For the reasons that follow, we find the defendant’s arguments lack merit and thus affirm her conviction and sentence.
The record on appeal indicates that on 24 May 2006, Susan Allain observed Baker driving out of the Allain dwelling driveway at 3380 Jefferson Avenue in New Orleans. Ms. Allain followed the defendant in her car and notified the police. The police stopped the defendant at the corner of South Claiborne Avenue and Fern Street and found her to be in possession of numerous items belonging to Ms. Allain. The police report indicates that Ms. Allain identified the items as her own, and told the police that the items had been in her home the last time she had been there. Ms. Allain estimated the value of the stolen items to be approximately 12$3,000.00. Further, Ms. Allain identified Baker to the police as the person seen leaving her driveway.
On 25 July 2006, the state charged Baker by bill of information with one count of violating La. R.S. 14:62.5, relative to looting. On 3 August 2006, Baker (a) appeared in open court and was arraigned; (b) pled not guilty to the charge, and (c) was “notified in court” of a hearing to determine counsel to be held on 15 September 2006.[1] On 15 September 2006, Baker appeared before the trial court for a hearing to determine counsel. At the close of the hearing, the trial court set both a “status hearing” for 25 September 2006 and an additional hearing to determine counsel for 13 October 2006; the official minute entry indicates that Baker was notified in open court of both hearing dates.
The official minute entry for 25 September 2006 indicates that Baker failed to appear for the “status hearing.” The trial *547 court issued an alias capias for Baker’s arrest and scheduled a bond forfeiture hearing for 13 October 2006. Baker again failed to appear on 13 October 2006, and the trial court declared her bond forfeited.
Baker was subsequently arrested on 10 March 2010. On 16 March 2010, she appeared in court. The court appointed the Public Defender’s Office to represent her and scheduled a motion date of 29 April 2010. On 29 April 2010, Baker appeared in court and her counsel moved for a continuance. On 8 June 2010, Baker filed a motion to quash the bill of information, arguing that the state had |staken beyond the period of time allowed to bring its case against her to trial, thus violating La. C.Cr.P. art. 578. The state opposed the motion on the basis that the applicable time period for bringing its case to trial was interrupted by Baker’s failure to appear for the 25 September 2006 status hearing for which Baker received an actual in-court notice thereof at the 15 September 2006 hearing.
The trial court held a hearing on the motion to quash on 24 June 2010 and denied the motion. Baker elected to plead guilty to the charge pursuant to State v. Crosby, 338 So.2d 584 (La.1976). The trial court accepted her plea and sentenced her to two years’ incarceration (with credit for time served), which it deferred pursuant to La.C.Cr.P. art. 893, and then placed her on two years active probation on the condition that she pay $250.00 to the judicial expense fund of the Criminal District Court, be subject to random drug testing, and perform 100 hours of community service. This timely appeal followed.

ERRORS PATENT

A review of the record reveals no errors patent.

ASSIGNMENT OF ERROR NUMBER 1

In her sole assignment of error, Baker argues that the trial court erred when it denied her motion to quash the bill of information. Specifically, she argues that her guilty plea and subsequent sentence should be reversed because the state took beyond the period of time allowed by law to bring its case against her to trial, thus violating La.C.Cr.P. art. 578. The state argues in response that Baker’s conviction and sentence should be affirmed because the applicable time period for bringing its case to trial was interrupted by the defendant’s failure to appear in court on 2514September 2006 after she was given in-court notice on 15 September 2006 that a subsequent matter in her case, a status hearing, was to be held on 25 September 2006. Baker questions whether she received actual notice of the 25 September 2006 hearing. The official minute entry from the 15 September 2006 indicates that Baker was given the notice in court.
We find the state’s argument has merit and that the trial court did not err by denying the defendant’s motion to quash. La.C.Cr.P. art. 536 provides that a motion to quash shall be in writing, signed by the defendant or the defendant’s attorney, filed in open court or in the office of the clerk of court, and shall specify the grounds upon which it is based. An article 532 motion may be based, among other things, upon an assertion that the time limitation for the commencement of trial has expired. In the present case, Baker’s motion to quash asserts that dismissal of the state’s case is warranted because the state failed to bring its case against her within the time limitations established by La.C.Cr.P. arts. 578.
La.C.Cr.P. art. 578 provides that trial in a non-capital felony case must commence within two years of the date of the *548 institution of prosecution. In this case, the state filed its bill of information on 25 July 2006. The trial court denied the defendant’s motion to quash, and accepted her guilty plea on 10 June 2010. When a defendant brings an apparently meritorious motion to quash based on prescription, the state bears a heavy burden to demonstrate either an interruption or a suspension of the time limit such that prescription will not have tolled. State v. Rome, 93-1221 (La.1/14/94), 630 So.2d 1284, 1286.
La.C.Cr.P. art. 579 governs interruptions and provides:
A. The period of limitation established by Article 578 shall be interrupted if: lfi(l) The defendant at any time, with the purpose to avoid detection, apprehension, or prosecution, flees from the state, is outside the state, or is absent from his usual place of abode within the state; or
(2) The defendant cannot be tried because of insanity or because his presence for trial cannot be obtained by legal process, or for any other cause beyond the control of the state; or
(3) The defendant fails to appear at any proceeding pursuant to actual notice, proof of which appears of record.
B. The periods of limitation established by Article 578 shall commence to run anew from the date the cause of interruption no longer exists. [Emphasis supplied.]
Based upon the facts as stated above and according to La.C.Cr.P. art. 579, the state then had two years from 10 March 2010, or until 10 March 2012, to commence a trial against the defendant.
In State v. Romar, 07-2140 (La.7/1/08), 985 So.2d 722, a defendant who was wanted on an outstanding warrant for a third offense of operating a motor vehicle while intoxicated reappeared in court eight years later, following his arrest on another charge of operating a motor vehicle while intoxicated, and execution of the open attachment. The defendant moved to quash on the grounds that the time limits for bringing the case to trial had expired. The trial court granted the motion; the state appealed and the First Circuit affirmed. State v. Romar, 07-0789, unpub. (La.App. 1 Cir. 10/3/07), 966 So.2d 826 (Table). The Supreme Court ruled that the applicable time limitations were interrupted when the defendant failed to appear for trial after having received actual in-court notice. Romar, 07-2140, p. 6, 985 So.2d at 726. The Court held that under the circumstances, the state had no obligation to go out and search for the defendant. Romar, 07-2140, p. 7, 985 So.2d at 727.
| fiLike the defendant in Romar, Baker received actual notice on 15 September 2006 of both the 25 September 2006 status hearing and the 13 October 2006 hearing to determine counsel (evidenced by the minute entry of that date which indicates that the “defendant was notified in court”). Baker was required to appear at both the 25 September 2006 status hearing and the 13 October 2006 hearing to determine counsel. Accordingly, the applicable time limitation under La.C.Cr.P. art. 578 was interrupted by Baker’s failure to appear for the September 25, 2006 status hearing and again interrupted by her failure to appear on 13 October 2006 for the hearing to determine counsel. The trial court properly denied the defendant’s motion to quash.

CONCLUSION

For the foregoing reasons, we affirm the conviction and sentence of Baker.
AFFIRMED.

. We understand that in the context of a proceeding in Criminal District Court, when the "defendant was notified in court” means that the defendant is personally expected to appear at any subsequent matter for which a specific date is set.