EDWIN A. LOMBARD, Judge.
| 'The State appeals the trial court judgment granting the defendant’s motion to quash the indictment. After review of the record in light of the applicable law and arguments of the parties, we affirm the trial court judgment.

Relevant Facts and Procedural History

On July 7, 2007, the defendant, Aaron T. Joseph, was charged by bill of information with unauthorized use of a motor vehicle in violation of La.Rev.Stat. 14:68.4. On July 25, 2007, he pleaded not guilty at his arraignment. After the defendant failed to appear for a hearing on September 14, 2007, his bond was forfeited and an arrest warrant issued. He appeared for trial on September 30, 2009, and on October 28, 2009, but each time his trial was continued. On October 19, 2009, the defendant pleaded guilty to one count of theft of goods valued over five hundred dollars in Jefferson Parish and on October 30, 2009, he was sentenced to serve five years in the custody of the Department of Corrections. On December 2, 2009, the defendant failed to appear for his trial in Orleans Parish, resulting in the issuance of alias capias. The matter was continued without date.
On January 26, 2012, the defendant appeared in court in Orleans Parish for a “filed arrest on capias notification” hearing. Counsel for the defendant filed a motion to quash the indictment, asserting that the State failed to commence trial within the pertinent prescriptive period. The State filed no written opposition to the motion and, at the hearing on April 3, 2012, the State presented no evidence, made no argument, and submitted no written pleading to the court in opposition to the defendant’s motion to quash. Accordingly, the trial court granted the defendant’s motion to quash. At that point the State took its only action with regard to the defendant’s motion, noticing its intent to appeal.

Standard of Review

The trial court’s ruling on a motion to quash should not be reversed in the absence of a clear abuse of discretion. State v. Sorden, 2009-1416, p. 3 (La.App. 4 Cir. 8/4/10), 45 So.3d 181, 183 (citations omitted).

Applicable Law

Louisiana’s relevant statute provides that no felony trial, other than for a capital offense, may be commenced after two years from the date of institution of the prosecution. See La. Code Crim. Proc. art. 578(A)(2). This period shall be interrupted if “[t]he defendant fails to appear at any proceeding pursuant to actual notice, proof of which appears in the record.” La.Code Crim. Proc. art. 579(A)(3) (emphasis added); see also La.Code Crim. Proc. art. 579(B) (the periods of limitation begin to run anew from the date the cause of interruption no longer exists). Upon expiration of the time period, the court shall, upon *365 motion of the defendant prior to trial, dismiss the indictment. La.Code Crim. Proc. art. 581.
The purpose of the statute’s mandating dismissal upon expiration of the legislative time limits is to enforce the accused’s right to a speedy trial and to | ^prevent the oppression caused by suspending criminal prosecutions over citizens for indefinite periods of time. State v. Romar, 2007-2140, p. 3 (La.7/1/08), 985 So.2d 722, 725 (citing State v. Rome, 93-1221, p. 3 (La.1/14/94), 630 So.2d 1284, 1286) (citations omitted). In addition, the “statutory scheme limiting the state’s time in which to commence trial after initiating prosecution prevents delays in the administration of justice by imposing on judicial tribunals an obligation of proceeding with reasonable dispatch in the trial of criminal prosecutions.” Rome, supra (citation and internal quotation marks omitted). Because statutes of limitation are the primary guarantee against inordinate delays and represent the legislative balancing of the interests of the state against the interests of the defendant, “these limitations should be given effect unless the state carries its burden of showing valid grounds to support an interruption or sufficient suspension of these time periods.” Rome, supra.
When, as in this case, a defendant brings an apparent meritorious motion to quash based on prescription, the State bears a heavy burden of demonstrating either an interruption or a suspension of the time limitation “such that prescription ■will not have tolled.” Rome, supra.
Discussion In its appellate brief, the State asserts that on October 28, 2009, the defendant “was notified in open court to appear on December 2, 2009.” Therefore, according to the State, the defendant’s case had not prescribed “because prescription was interrupted after he failed to appear pursuant to actual notice; there is nothing contained in the record to indicate that the State was aware of his incarceration in another parish.”
| ¿Notably, however, the docket entry which the State cites as evidence of actual notice to the defendant states only “send notices” and “notify defense counsel.” The minute entry for that date (which the State does not cite) does note that “the defendant was notified in court” but does not indicate the substance of this notification. Thus, the evidence that the defendant received actual notice of the December 2, 2009, trial date is equivocal at best. Moreover, under our standard of review, we look to see if the State met its heavy burden in demonstrating that the time limitation was interrupted or suspended and if the trial court abused its discretion in granting the motion to quash. Under the circumstances of this case, where the State failed to present to the trial court any evidence (or even argument) that the time limitation had been suspended, we clearly cannot find that the trial court abused its discretion in granting the motion to quash.

Conclusion

We do not find that the State met its heavy burden in demonstrating an interruption to the time limitation or that the trial court abused its discretion in granting the motion to quash in the total absence of effort on the part of the State to oppose the motion. The trial court judgment is affirmed.
AFFIRMED