SANDRA CABRINA JENKINS, Judge.
hThe State appeals the trial court’s judgment granting defendant’s motion to quash the bill of information. After a review of the record, we find the State failed to commence trial within the two year time limitation required by La C.Cr.P. art. 578. The State also failed to show that the two year time limitation was suspended or interrupted in accordance with La.C.Cr.P. arts. 579 and 580. We therefore find no abuse of discretion in the trial court’s ruling granting defendant’s motion to quash. The trial court’s judgment of July 23, 2012 is affirmed.

RELEVANT FACTS AND PROCEDURAL HISTORY

On June 21, 2010, the State filed a bill of information charging defendant with violation of La. R.S. 40:966(A)(1), possession of heroin. Arraignment was scheduled for July 13, 2010 in Section B of the Orleans Parish Criminal District Court. The court was closed on July 13, 2010, and defendant’s arraignment was rescheduled for July 28, 2010. On that date, defendant appeared for arraignment, the trial court appointed counsel to represent defendant, and defendant entered a plea of not guilty. The trial court set a motions hearing date of September 2, 2010, Land ordered defendant be placed on the jail list. Defendant was returned to the Orleans Parish Prison.[1]
*836 On September 2, 2010, the trial court was closed and defendant’s motions hearing was reset to September 30, 2010. The trial court minutes reflect that notices were to be sent and that defendant should be placed on the jail list for the September 30, 2010 court date. The record does not reflect that notice was sent to defendant, either at the prison or to defendant’s address on file.
Defendant was released from Orleans Parish Prison on the municipal charge on September 14, 2010. On September 30, 2010, defendant was not present in court and motions were reset to October 1, 2010. When defendant did not appear in court for the motions hearing on October 1, 2010, the trial court issued an alias capias for his arrest, and the motions hearing was continued without date.
On June 13, 2012, defendant appeared in court following his arrest under the outstanding alias capias in this matter. The trial court set the matter for a hearing to determine counsel on June 15, 2012, and ordered defendant be placed on the jail list. On June 15, 2012, defendant appeared without counsel. The hearing to determine counsel was reset until June 28, 2012.[2]
On June 28, 2012, the defendant appeared before the court without counsel. The trial court set a bond in the amount of $25,000, recalled the alias capias, and appointed Orleans Parish Defender counsel to represent defendant. On this same date, defense counsel filed motions to suppress evidence, statements, and identification, and for discovery and inspection. A preliminary hearing was set for August 6, 2012, and trial was set for September 6, 2012.
|3On July 16, 2012, defendant filed a motion to quash, arguing violation of his right to speedy trial pursuant to La. C. Cr. P. article 578. The trial court held a contradictory hearing on defendant’s motion to quash on July 23, 2012. At that hearing, the trial court reviewed the court minutes and files, and determined that the two year time limitation for commencing trial had expired. The trial court found that the State did not show that defendant was served or had received actual notice of any court dates set on or after September 2, 2010, and, therefore, the State did not carry its burden to show that the two year time limitation had been interrupted, in accordance with La.C.Cr.P. art. 579.[3] Finding that the time limitation had expired without interruption, the trial court granted defendant’s motion to quash the bill of information, and ordered defendant be released from custody.
It is from this ruling the State now appeals.

ASSIGNMENT OF ERROR

The State asserts that the trial court erred in finding that the two year time limitation for commencing trial had expired and in granting defendant’s motion to quash.

STANDARD OF REVIEW

The trial court’s ruling on a motion to quash should not be reversed in the absence of a clear abuse of discretion. State v. Sorden, 2009-1416, p. 3 (La.App. 4 Cir. 8/4/10), 45 So.3d 181, 183; State v. Love, 2000-3347, pp. 9-10 (La.5/23/03), 847 So.2d 1198, 1206.

*837
\ ¿DISCUSSION

The State asserts that the two year time limitation to bring defendant to trial had not expired at the time defendant filed the motion to quash. The State argues that the time limitation was interrupted, pursuant to La.C.Cr.P. art. 579, because the defendant failed to appear on September 30, 2010 and October 1, 2010. The State contends that the running of the time limitation to commence trial was interrupted until the defendant returned to court. In addition, the State asserts that defense counsel filed preliminary motions that suspended the two year time limitation pursuant to La.C.Cr.P. art. 580. For the following reasons, we find no merit to the State’s arguments, and find that the trial court did not abuse its discretion in granting defendant’s motion to quash.
Louisiana’s relevant criminal procedure statute provides that no felony trial, other than for a capital offense, may be commenced after two years from the date of institution of the prosecution. La.C.Cr. P. art. 578(A)(2). Upon expiration of the time period, the court shall, upon motion of the defendant prior to trial, dismiss the indictment. La.C.Cr.P. art. 581. The two year time limitation should be given effect and mandate dismissal, “unless the state carries its burden of showing valid grounds to support an interruption or sufficient suspension of these time periods.” State v. Rome, 93-1221 (La.1/14/94), 630 So.2d 1284, 1286. “The purpose of the statute’s mandating dismissal, when legislative time limits have elapsed, is to enforce the accused’s right to a speedy trial and to prevent the oppression caused by suspending criminal prosecutions over citizens for indefinite periods of time.” Id.
| jjWhen a defendant brings an apparent meritorious motion to quash based on the prescription, the State then bears a heavy burden to demonstrate that the time period was interrupted or suspended. State v. Joseph, 2012-1176, p. 3 (La.App. 4 Cir. 3/20/13), 112 So.3d 363, 365. The time limitation provided for in La.C.Cr. P. art. 578 shall be interrupted if any one of the following occurs:
(1) The defendant at any time, with the purpose to avoid detection, apprehension, or prosecution, flees from the state, is outside the state, or is absent from his usual place of abode within the state; or
(2) The defendant cannot be tried because of insanity or because his presence for trial cannot be obtained by legal process, or for any other cause beyond the control of the state; or
(3) The defendant fails to appear at any proceeding pursuant to actual notice, proof of which appears of record.
La.C.Cr.P. art. 579(A).
If the time period for the commencement of trial is interrupted, as provided by La. C.Cr. P. art. 579(A), then the time period begins to run anew from the date the cause of the interruption no longer exists. La.C.Cr.P. art. 579(B).
In this case, the State argues that the two year time limitation was interrupted when defendant failed to appear in court on September 30, 2010 and October 1, 2010. At the hearing on the motion to quash, the State asserted that a court error beyond the control of the State prevented the State from securing defendant’s presence in court on September 30 or October 1. The State argued that the closure of court on September 2, 2010 prevented the State, through no fault of its own, from proceeding in the case or notifying defendant of the next court date. The State argued, however, that defendant had actual knowledge that the State had initiated proceedings against him, and, even if he *838 was not aware that his court date was reset for September 30, 2010, defendant should have appeared before the court after his release from OPP on the municipal charge to face his felony charges. The |fiState further contends that the interruption lasted until defendant was arrested on the alias capias on May 27, 2012.
The trial court ruled that the State failed to carry its burden of showing that the two year time limitation was interrupted in accordance with La.C.Cr.P. 579(A). We find no error in the trial court’s ruling.
As the trial court stated at the motion hearing, the State bore the responsibility to ensure that defendant was served with actual notice of the court dates. See La.C.Cr.P. art. 579(A)(3). “To satisfy its burden in establishing that an interruption of the prescriptive period has occurred, the State must exercise due diligence in discovering the whereabouts of the defendant as well as in taking appropriate steps to secure his presence for trial once it has found him.” State v. Andres, 2011-1341, p. 4 (La.App. 4 Cir. 9/19/12), 100 So.3d 953, 956. The trial court stated that when defendant did not appear on September 30, 2010, the State could have checked the jail list to discover that defendant was no longer in jail and moved to have defendant served at the address listed on his bond.[4] The trial court noted that the State returned to court on October 1, 2010, and moved for an alias capias to be issued before it attempted to serve notice to defendant.
The State failed to present any evidence that defendant’s presence could not be obtained by legal process or that defendant received actual notice to appear m court, The State did not show that any interruption, in accordance with La.C.Cr.P. art. 579, occurred. Therefore, we find no merit to the State’s argument that the two Uyear time limitation was interrupted and had not expired when defendant filed the motion to quash.
The State also asserts that the two year time limitation was suspended pursuant to La.C.Cr.P. art. 580. The State argues that defendant filed a preliminary plea consistent with La.C.Cr. P. art. 580, thereby adding an additional year, from the date the court rules on such plea, to the time period for the State to bring the matter to trial. We find no merit in the State’s argument.
A suspension of the time limitation set by La.C.Cr.P. art. 578 can occur in two instances. La.C.Cr. P. art. 580 provides:
A. When a defendant files a motion to quash or other preliminary plea, the running of the periods of limitation established by Article 578 shall be suspended until the ruling of the court thereon; but in no case shall the state have less than one year after the ruling to commence the trial.
B. The periods of limitation established by Article 578 shall also be suspended if the court grants a continuance in accordance with the provisions of Paragraph B of Article 709.
Our review of the record reveals there was no action taken by defendant or the trial court suspending the two year time limitation in accordance with La.C.Cr.P. art. 580. Defendant did not file any pre *839 liminary pleadings until June 28, 2012, seven days after the time period to commence trial had expired.[5] On July 16, 2012, defendant filed the motion to quash the bill of information. The State has failed to establish that a suspension occurred between June 21, 2010 and June 21, 2012 that would trigger the suspensive period allowed by Article 580. We find no merit to this argument from the State.
|8La.C.Cr. P. art. 578(A)(2) provides that trial in felony matters shall commence within two years from the date of the institution of prosecution. Prosecution was instituted in this matter on June 21, 2010. The State had until June 21, 2012 in which to bring the defendant to trial. The State has not shown that this prescriptive period was interrupted or suspended. By July 16, 2012, when defendant filed his motion to quash, the State had not brought defendant to trial. We find no error in the trial court’s ruling that the two year time period to commence trial had expired, thereby mandating dismissal of the bill of information against defendant.

CONCLUSION

We find the trial court did not abuse its discretion in granting defendant’s motion to quash. The trial court’s judgment of July 23, 2012 is affirmed.
AFFIRMED

. Defendant was being held in the Orleans Parish Prison at that time on an unrelated municipal charge.

. The defendant was again placed on the jail list for the June 28, 2012 date.

. The trial court also found that the alias capias for defendant had been issued in error on October 1, 2010, because there was no record that defendant had received actual notice of the court dates on September 30 or October 1, 2010.

. At all times, the defendant’s home and work addresses were available to the state in the court record. The record reflects that on April 7, 2010, a change of address form was filed in the record. The old address of 505 Andry Street, New Orleans, Louisiana was corrected; the new address entered by the appellee was 1039 S. Clark Street, New Orleans, Louisiana. There is even evidence in the record that the State updated his address change on the bond in the record.

. The trial court appointed counsel for defendant on that date and counsel filed an omnibus motion.