SANDRA CABRINA JENKINS, Judge.
liThe State appeals the trial court’s judgment granting defendant’s motion to quash the bill of information. The trial court found that the State failed to commence trial within the two year time limitation pursuant to La.C.Cr.P. art. 578(A)(2) and granted the motion to quash. For the reasons that follow, we find no abuse of discretion in the trial court’s judgment granting the motion to quash and we affirm.
*100 RELEVANT FACTS & PROCEDURAL BACKGROUND
On December 1, 2010, defendant was charged by bill of information with one count of possession of a legend drug without a prescription, a violation of La. R.S. 40:1238.1. Defendant appeared for arraignment on December 9, 2010, and pled not guilty. On January 27, 2011, defendant appeared with counsel for a motion hearing. The minute entry from that date states that the motion hearing was re-set for February 24, 2011, and that defendant was notified in court.
On February 7, 2011, defendant was arrested by the Orleans Parish Criminal Sheriffs Office for an open warrant out of St. Tammany Parish. On the same date, ^defendant was released into the custody of the St. Tammany Parish Sheriffs Department.
On February 24, 2011, defendant failed to appear for the motion hearing set in this case. The trial court issued an alias capi-as for defendant and a bond forfeiture hearing was set for March 16, 2011. The minute entry indicates that notice was to be sent to defendant at his address of record. Defendant did not appear at subsequent settings for the bond forfeiture. On April 13, 2011, the trial court granted the bond forfeiture, the alias capias remained in effect, and the case was continued without date.
On January 9, 2014, defendant was arrested on the alias capias issued by the trial court in this matter. On January 16, 2014, defendant appeared for a hearing, at which defendant presented evidence to the trial court that he was in custody in St. Tammany Parish when the trial court issued the alias capias. Based on the evidence presented, the trial court granted the defense motion for release of defendant, to recall the warrants, and for the reinstatement of defendant’s original bond.
On January 30, 2014, defendant filed a motion to quash the bill of information on the grounds that the State had failed to bring him to trial within two years of the institution of prosecution. The trial court set a hearing for the motion on February 19, 2014. The State did not file a written opposition to defendant’s motion at any time prior to the hearing. At the hearing on the motion to quash, the State did not introduce any evidence or present any testimony or argument in |sopposition to defendant’s motion. The trial court granted the motion to quash on February 19, 2014, and the State noticed its intent to appeal. This timely appeal followed.
STANDARD OF REVIEW
In reviewing a trial court’s judgment on a motion to quash that involves mixed questions of law and fact, this court applies an abuse of discretion standard. State v. Brady, 13-0863, p. 3 (La.App. 4 Cir. 12/11/13), 131 So.3d 166, 169; State v. Ramirez, 07-0652, p. 4 (La.App. 4 Cir. 1/9/08), 976 So.2d 204, 207; State v. Love, 00-3347, pp. 9-10 (La.5/23/03), 847 So.2d 1198, 1206.
DISCUSSION
In the sole assignment of error, the State asserts that the trial court erred in granting the defendant’s motion to quash the bill of information because the time limitation for commencing trial had not expired. The State contends that the two year time limitation for commencing trial was interrupted on February 24, 2011, when defendant failed to appear in court after receiving actual notice; and the time limitation began to run anew on January 16, 2014, when defendant reappeared in court.
The relevant time limitation for commencing trial is set forth by La. C.Cr.P. art. 578, which provides, in perti *101 nent part, that no trial shall be commenced in a non-capital felony case after two years from the date of institution of prosecution. La.C.Cr.P. art. 578(A)(2). Upon expiration of the time limitation, the trial court shall, upon a motion to quash filed by defendant prior to trial, dismiss the | indictment. La.C.Cr.P. art. 581; see also, La. C.Cr.P. art. 582(A)(7); La. C.Cr.P. art. 535(B). The legislatively mandated time limitations are in place “to enforce the right of an accused to a speedy trial and to prevent the oppression of citizens by suspending criminal prosecutions over them for an indefinite time.” State v. Walgamotte, 415 So.2d 205, 210 (La.1982) quoting State v. Theard, 212 La. 1022, 34 So.2d 248 (1948). Therefore, “[w]hen defendant has brought an apparently meritorious motion to quash based on prescription, the state bears a heavy burden to demonstrate either an interruption or a suspension of the time limit such that prescription will not have tolled.” State v. Rome, 93-1221 (La.1/14/94), 630 So.2d 1284, 1286; see Ramirez, 07-0652, p. 4, 976 So.2d at 207; State v. Joseph, 12-1176, pp. 2-3 (La.App. 4 Cir. 3/20/13), 112 So.3d 363, 364-65. If the State fails to carry its burden to establish that an interruption or suspension has occurred, the statute of limitations should be given effect and the indictment shall be dismissed. La.C.Cr.P. art. 581; Joseph, 12-1176, p. 3, 112 So.3d at 365; State v. Morris, 99-3235, pp. 1-2 (La.2/18/00), 755 So.2d 205, 205; Rome, 630 So.2d at 1286, 1289.
In order to establish an interruption of prescription, the State must show that it was unable, “through no fault of its own, to try a defendant within the period specified by statute.” Rome, 630 So.2d at 1286. Specifically, La.C.Cr.P. art. 579(A) provides that the applicable time limitation shall be interrupted if:
(1) The defendant at any time, with the purpose to avoid detection, apprehension, or prosecution, flees from the state, is outside the state, or is absent from his usual place of abode within the state; or
(2) The defendant cannot be tried because of insanity or because his presence for trial cannot be obtained by legal process, or for any other cause beyond the control of the state; or
|s(3) The defendant fails to appear at any proceeding pursuant to actual notice, proof of which appears of record.
If the time period for the commencement of trial is interrupted, as provided by La. C.Cr.P. art. 579(A), then the time period begins to run anew from the date the cause of the interruption no longer exists. La.C.Cr.P. art. 579(B).
On appeal, the State argues that an interruption occurred in this case because defendant failed to appear at the proceeding on February 24, 2011, pursuant to actual notice, as shown by the minute entry from that proceeding. According to the State, the defendant’s failure to appear immediately interrupted the time period for commencing trial, which did not begin to run anew until defendant reappeared in court, on January 16, 2014. The State further argues that it has no duty to search for and locate any defendant who has failed to appear after receiving actual notice. In support of its argument, the State cites State v. Romar, 07-2140 (La.7/1/08), 985 So.2d 722, in which the Louisiana Supreme Court held that a defendant’s failure to appear for trial after receiving actual notice was a direct contempt of court and, thus, a valid ground for interruption of the time limitation in La.C.Cr.P. art. 578.
Despite the State’s argument on appeal that an interruption occurred in this case, the only issue before this Court is whether the trial court abused its discretion in *102 granting the motion to quash based on the expiration of the two-year time limitation for commencing trial. Absent a clear abuse of discretion in making its determination based on the facts, arguments presented, and applicable law, we will not disturb the trial court’s ruling. With that in mind, we note that the facts of this | flease are indistinguishable from State v. Joseph, supra. In Joseph, while awaiting trial in Orleans Parish, the defendant was imprisoned in another jurisdiction; consequently, the defendant failed to appear for trial and an alias capias was issued. More than two years later, defendant was arrested on the alias capias and, subsequently, appeared for a hearing. Defendant filed a motion to quash based on the State’s failure to commence trial within the two-year prescriptive period. As in this case, the State filed no written opposition, presented no evidence, and made no argument to the trial court in opposition to the motion to quash. The trial court granted the motion and the State appealed, arguing the same cause for interruption of the prescriptive period as argued here. Applying the abuse of discretion standard of review, this Court held, “where the State failed to present to the trial court any evidence (or even argument) that the time limitation had been suspended, we clearly cannot find that the trial court abused its discretion in granting the motion to quash.” Joseph, 12-1176, p. 4, 112 So.3d at 365.
Here, as in Joseph, the record reflects that the State filed no opposition to defendant’s motion to quash. At the hearing on the motion, the only action taken by the State was to offer a plea to defendant. The State did not present any evidence in opposition to the motion or raise any argument before the trial court. Clearly, the State failed to carry its burden of demonstrating that an interruption occurred. Therefore, given the defendant’s apparent meritorious motion to quash based on the expiration of the two-year time limitation for commencing trial, we find no abuse of discretion by the trial court in granting the motion to quash.
| ./CONCLUSION
For the foregoing reasons, we affirm the trial court’s judgment granting defendant’s motion to quash.
AFFIRMED.
DYSART, J., Dissents.