DYSART, J., dissents.
hi dissent from the majority’s finding that the two year time limitation for bringing Mr. Brown to trial was not interrupted. Mr. Brown appeared for an arraignment on December 9, 2010, at which time he entered a plea of not guilty. Motions were set for January 21, 2011; the minute entry for that date reflects that Mr. Brown “was notified in court” and notices were sent as well.
In accordance with the notice he received on December 9, 2010, Mr. Brown appeared in court with his counsel on January 21, 2011 for the hearing. The State moved to continue the hearing which was re-set for February 24, 2011. Again, Mr. Brown was “notified in court” of the new hearing date and notices were also sent. He did not appear for that hearing and next appeared in court on January 16, 2014, after he was arrested on an open warrant from St. Tammany Parish.
The time period set forth in La.C.Cr.Pr. art. 578A(2) is interrupted if “[t]he defendant fails to appear at any proceeding pursuant to actual notice, proof of which appears of record.” La.C.Cr.Pr. art.579A(3). The running of the limitation period commences to “run anew” once the cause of the interruption no longer exists. State v. Williams, 11-1231, pp. 4-5 (La. *103 App. 4 Cir. 5/23/12), 95 So.3d 554, 557, writ denied, 12-1447 (La.1/18/13), 107 So.3d 623. In my opinion, |2Mr. Brown’s failure to appear for the February 24, 2011 interrupted the prescriptive period for commencing trial against Mr. Brown.
The majority indicates that, at the January 16, 2014 hearing, Mr. Brown “presented evidence to the trial court that he was in custody in St. Tammany Parish when the trial court issued the alias capias.” However, the record is silent as to what “evidence” was presented at the January 16 hearing and no such evidence is found in the record.[1] Moreover, at neither the January 16, 2014 court appearance or at the February 19, 2014 hearing on Mr. Brown’s motion to quash was anything offered to demonstrate that Mr. Brown was actually incarcerated at the time of the February 24, 2011, hearing. Accordingly, the record is completely devoid of any indication or documentation as to why Mr. Brown missed his February 24, 2011 court date or why he failed to appear or otherwise notify the court after missing the court date.
I further find the majority’s reliance on State v. Joseph, 12-1176 (La.App. 4 Cir. 3/20/13), 112 So.3d 363 to be misplaced, as that case is distinguishable from the instant matter. In Joseph, this Court held that a docket entry noting that “the defendant was notified in court,” without an indication of “the substance of this notification” was “equivocal at best” as to the issue of actual notice of the trial date. IcL, 12-1176, p. 4, 112 So.3d at 365. Here, the notice given to Mr. Brown on December 9, 2010 resulted in his appearance on January 21, 2011. We find it disingenuous for Mr. Brown to now claim insufficient notice when the notice he ^received on January 21, 2011 was identical to the notice he received in December. The Joseph case does not indicate in what manner notice had previously been provided to the defendant. Moreover, in Joseph, unlike the instant matter, the record contained evidence that the defendant had been sentenced to a five year term in another parish approximately one month before he was (and failed) to appear for trial.
Based on the foregoing, I would find that the trial court abused its discretion in granting Mr. Brown’s motion to quash and I would reverse the trial court’s ruling.

. Attached to Mr. Brown's motion to quash bill of information was a document he describes as "OPSO Booking Info.” This document, a computerized printout, refers to Mr. Brown, states that he was "[bjooked” on February 7, 2011 (although it does not state where) and further suggests that Mr. Brown was released that same date "to St[J Tammany.” The document is not authenticated and is not entitled "OPSO Booking Info;” rather, it simply states "Online Booking Inquiry Sys-tern.” It is not proper evidence and should not be considered. Evidence must either be authenticated as provided in La. C.E. art. 901, or must be self-authenticating. See, La. C.E. art. 902; See also State v. Placide, 11-1061, p. 6 (La.App. 5 Cir. 6/28/12), 109 So.3d 394, 397 ("Because authentication of evidence is a condition precedent to admissibility, an exhibit that is not authenticated does not constitute competent evidence.”).