MADELEINE M. LANDRIEU, Judge.
liThe State of Louisiana appeals the trial court’s granting of the defendant’s motion to quash the bill of information. For the reasons that follow, we affirm.
FACTS AND PROCEEDINGS BELOW
On September 9, 2006, Daniel Handy, Jr., was arrested for possession of the controlled drug alprozolam. More than two months later, on November 13, 2006, Mr. Handy was released from custody without bond due to the State’s failure to institute prosecution within the time limit imposed by La.C.Cr.P. art. 701(B).[1] On *814 January 16, 2008, the State filed a second bill of information charging Mr. |aHandy ■with the possession of the same drug. The arraignment was set .for February 25, 2008. Mr. Handy did not appear on that date.[2] The arraignment was then reset for March 25, 2008, with the court issuing instructions to serve the defendant at the address listed on the arrest register. Mr. Handy did not appear on March 25th. The service return in the record reflects that service was attempted at two addresses, indicating that the- “Subject Moved” from- each address. After sounding Mr. Handy’s name three times in the hallway without response, the court issued an alias capias. Mr. Handy was re-arrested seven years later in March of 2015. He appeared in court on March 20, 2015, was arraigned, and pled not guilty. As there was no bond to forfeit, Mr. Handy was released without bond.or bail, with no objection from, the State.
On March 27, 2015, Mr. Handy filed a motion to quash the 2008 bill of information. He alleged that because more than two years had passed since the filing of the bill, the time limitation for the commencement of trial had expired. In its opposition, the State argued the time period had been interrupted by Mr. Handy’s failure to appear on March 25, 2008. After a hearing, the trial court granted Mr. Handy’s motion to quash, holding that the State failed to prove an interruption. The trial court found,.that the State had failed to exercise due diligence in locating Mr. Handy and securing his presence for trial.
On appeal, the State contends that the trial court abused its discretion by granting the motion to quash,
lüLa.C.Cr.P. art. 578(A)(2) provides that no felony trial, other than for a capital offense, may be commenced after two years from the date of institution of the prosecution.[3] The Code further provides that, upon expiration of the time period, the court shall, upon motion of the defendant prior to trial, dismiss the indictment. La.C.Cr.P. art. 581. The Louisiana Supreme Court has held that the failure to adhere to the two-year time limitation should be given effect “unless the state carries its burden of showing valid grounds to support an interruption or sufficient suspension of these time periods.” State v. Rome, 93-1221 (La.1/14/94), 630 So.2d 1284, 1286. The Court reasoned: “The purpose of the statute’s mandating dismissal, when legislative time limits have elapsed, is to enforce the accused’s right to a speedy trial and to prevent the oppression caused by suspending criminal prosecutions over citizens for indefinite periods of time.” Id.
La.C.Cr.P. art. 579 governs what constitutes an interruption of the time limits set forth in Article 578. It provides in pertinent part:
A. The period of limitation established by Article 578 shall be interrupted if:
(1) The defendant at any time, with the purpose to avoid detection, appre *815 hension, or prosecution, flees from the state, is outside the state, or is absent from his usual place of abode within the state; or
(2) * * *
(3) The defendant fails to appear at any proceeding pursuant to actual notice, proof of which appears of record.
When a defendant brings an apparent meritorious motion to quash based on the prescription, as here, the State then bears a “heavy burden” to demonstrate that |4the time period was interrupted or suspended. State v. Joseph, 2012-1176, p. 3 (La.App. 4 Cir. 3/20/13), 112 So.3d 363, 365. Ordinarily, that' burden requires the State to exercise due diligence in determining the whereabouts of the defendant, as well as to take appropriate steps to secure the defendant’s presence for trial once he has been found. The State is relieved of that burden, however, when a defendant’s absence results from his failure to appear pursuant to actual notice, proof of which appears in the record. Id., pp. 3-4, 112 So.3d at 365; La.C.Cr. P. art. 579. A trial court’s ruling on a motion to quash should not be reversed in the absence of a clear abuse of discretion. Id., p. 2, 112 So.3d at 364.
In the case before us, the State argues that the time limitation was interrupted on March 25, 2008, when Mr. Handy failed to appear for arraignment. The State relies upon the sheriffs returns showing the two attempts at service contained in the record and the issuance of an alias capias as proof of interruption. However, the record contains no evidence showing that Mr. Handy received actual notice pursuant to La.C.Cr. P. art. 579(A)(3). The record also lacks any evidence that Mr. Handy deliberately “absented himself from his usual place of abode in order to avoid detection, apprehension, or prosecution” pursuant to Article 579(A)(1), There is no evidence to suggest that Mr. Handy knéw or suspected that two years after his release without bond, the State would elect to re-charge him with the same crime. We also note that Mr. Handy was under no obligation to the keep the court informed of his current mailing address, as would have, been the case if his release had been secured by a surety bond. See La.C.Cr.P. art. 322. Moreover, as lathis ‘court emphasized in State v. Sorden, 2009-1416, p. 16 (La.App. 4 Cir. 8/4/10), 45 So.3d 181, 190, “the prosecution has an affirmative duty to provide proof that satisfies the requirements of the provisions of article -579;.../’ which in this case it failed to do. Besides the absence of any evidence of actual notice from this record, the State made no, attempt to demonstrate that it had exercised due diligence in discovering the whereabouts of Mr. Handy. At the hearing, the State presented no witnesses or evidence to show what, if any, efforts the prosecution had put forth to locate Mr. Handy after learning that he no longer resided at the addresses on file. Accordingly, the trial court did not abuse its5 discretion by finding that there was no interruption under Article 579 and granting the motion to quash.

CONCLUSION

We affirm the judgment of the district court granting the motion to quash the bill of information, dismissing the charges, and discharging the defendant, Daniel Handy, Jr.
AFFIRMED
LOBRANO, J., concurs in results.

. La.C.Cr.P. art. 701(B) provides, in pertinent part:
B. The time period for filing a bill of information or indictment after arrest shall be as follows:
(l)(a) When the defendant is continued in custody subsequent to an arrest, an indictment or information shall be filed within forly-five days of the arrest if the defendant is being held for a misdemeanor and within sixty days of the arrest if the defendant is being held for a felony.
⅜ ⅜ ⅛ ⅜ ⅞*
*814 (2) When the defendant is not continued in custody subsequent to arrest, an indictment or information shall be filed within ninety days- of the- arrest if the defendant is booked with a misdemeanor and one hundred fifty days of the arrest if the defendant is booked with a felony.
Failure to institute prosecution as provided in Subparagraph (1) shall result in release of the defendant if, after contradictory hearing with the district attorney, just cause for the failure is not shown....

. The record does not contain any evidence of service or any attempt at service upon Mr. Handy,

. Possession of a controlled dangerous substance is a felony. See La. 14:2(4); 40:969(C).